Caylus agt. N. Y., Kingston and Syracuse R. R. Co.

# SUPREME COURT.

ERNEST CAYLUS and others agt. THE NEW YORK, KINGSTON
AND SYRACUSE RAILROAD COMPANY.

*Alleged false representations as to the security of railroad bonds.*

Where plaintiffs alleged in their complaint that the defendants falsely
  represented that the mortgage bonds delivered to the plaintiffs as security
  were first mortgage bonds upon the defendants' railroad; that in conse-
  quence of such false representations the plaintiffs had suffered loss:
*Held*, that the complaint could not be sustained on demurrer, where
  it appeared that there were no personal representations made by the
  defendants to the plaintiffs, but that the latter alleged that the bonds
  upon their face and upon which they relied, were described as "first
  mortgage consolidated bonds;" but it appeared by the mortgage
  accompanying the bonds that such consolidated bonds would become
  the first lien upon the road when they should be substituted in place of
  the old bonds, after the retirement of the latter.

*New York, Special Term, February,* 1875.

DEMURRER to complaint.

*Mr. Anderson,* for plaintiff.

*Mr. Fullerton,* for defendant.

VAN VORST, J. — There is no allegation in the complaint
that the defendants, of whom redress is claimed in this action,
or either of them, personally made any representations to
the plaintiffs with respect to the bonds in question.

Whatever specific statements or representations were made
proceeded from William B. Litchfield, who was acting for

E. C. & E. B. Litchfield, and which were that they would deliver to the plaintiffs as collateral security for the payment of certain notes, given for iron sold and delivered, first mortgage bonds of the New York, Kingston and Syracuse Railroad Company, at sixty-six per cent of their par value. It is not alleged, in terms, that in making such promise Litchfield acted for the defendants.

The representations which are claimed to have been made by the defendants, and upon which the plaintiffs aver that they relied, appear upon the face of the bonds delivered by the Litchfields to the plaintiffs, in fulfillment of their contract.

These bonds on their face, as the complaint alleges, are described as "first mortgage consolidated bonds" of the New York, Kingston and Syracuse Railroad Company, and are indorsed, "New York, Kingston and Syracuse Railroad Company, $1,000. No.    consolidated first mortgage gold bond." The bonds are each certified by the Farmers' Loan and Trust Company, to be one of the series of bonds referred to in the deed of trust mentioned in the bond.

Plaintiffs allege that, at the time the bonds were delivered to them, they relied on the statements appearing on the face of the bonds, that they were in fact first mortgage bonds, and that the mortgage by which they were secured was a first lien on the property covered by it.

Whether or not a false representation was made by the terms of the bond in regard to its character and rank as a lien on the road, depends no less upon the mortgage to which it refers, and by which its payment was secured, than upon the bond itself.

In order to discover and understand the representations made by the defendants, the two instruments, the bond and mortgage, should be read and considered together. Justice requires such method.

In order to determine whether one has made a false statement with regard to any subject, all that he has said in the same connection, on the same subject, should be considered

together.   For while one part of a statement may convey an apparent untruth, such conclusion might be modified and reversed wholly, by the remainder of the statement.

The mortgage designed to secure the bonds, and to which they refer, bears date the 1st day of June, 1872, and is executed by the New York, Kingston and Syracuse Railroad Company, to the Farmers' Loan and Trust Company of the city of New York.

It recites that the Rondout and Oswego Railroad Company made and issued its bonds to the amount of $2,000,000, bearing date the 1st day of January, 1870, and secured the same by a mortgage upon its line of railroad, from Rondout, in the county of Ulster, to Oneonta, in the county of Otsego, to the Farmers' Loan and Trust Company.   That the said Rondout and Oswego Railroad Company, under and by virtue of an act of the legislature of the state of New York, authorizing it to do so, has changed its name to " The New York, Kingston and Syracuse Railroad Company, and has extended its road to the city of Syracuse.   That the New York, Kingston and Syracuse Railroad Company, by resolution of its board of directors, authorized its president and treasurer to execute in its corporate name, and to issue bonds to the amount of $4,000,000, to be designated " consolidated first mortgage bonds," to be secured by a deed of trust or mortgage on its whole line of railroad, from the city of Kingston, in Ulster county, to Earlville, in Madison county, to be used to aid in securing the necessary means to build and equip the railroad.   Which bonds to the extent of $2,000,000, *shall be substituted* for the bonds of a like amount, heretofore issued by the Rondout and Oswego Railroad Company, to the Farmers' Loan and Trust Company.

A copy of the bonds so made and issued is set forth in the mortgage.

Is there anything on the face of these bonds, as properly qualified and explained by the mortgage to which it refers, which represents them to be secured by a mortgage which

was at the time of its execution a first lien on the property of the railroad ? ·It cannot be justly held that these defendants are responsible to the plaintiffs, although when they took the bonds from the Litchfields they acted upon the belief and reliance that the mortgage was such first lien, unless the defendants had said or done something sufficient to create such belief and reliance.

If the plaintiffs' belief and reliance was the result of an erroneous deduction from premises which would not reasonably justify such conclusion, the defendants surely are not at fault.

The qualifying word "consolidated," on the face of the bond, implies, at least, that there had been a prior mortgage on the road. Unless there had been and was still existing such prior mortgage, at the time the consolidated mortgage was made, the word "consolidated" is meaningless.

The word, however, might imply that the consolidation was actually completed, and the prior mortgage merged in the last mortgage.

But that subject is not left in doubt. The mortgage itself shows differently. For while it recites that there had been an issue of $2,000,000 of bonds in 1870, secured by a mortgage on the road, it provides that of the $4,000,000 issue of 1872, by the new corporation, $2,000,000 *shall* be substituted for the former issue.

It does not recite or give any foundation for a belief that the substitution had been made, but that it should be done. It would seem to be clear, therefore, that the representation made by the railroad corporation and these defendants, its officers and directors, through the bonds in question, read in connection with the mortgage, was not that the mortgage was a first lien on the property when made, but that it would become such when the previous issue of bonds was retired in whole by the substituted bonds.

That result had not been reached when the plaintiffs took

Caylus agt. N. Y., Kingston and Syracuse R. R. Co.

their bonds, in 1872, a few months after the date of the mortgage.

Nor was any representation made by the defendants that such result had been attained. An inspection of the bonds and the mortgage discloses their true character, and the existence of the previous incumbrances. The Farmers' Loan and Trust Company of the city of New York was the mortgagee in both mortgages.

If the plaintiffs took from the Litchfields bonds different from those promised, or from what they believed them to be, the complaint does not state facts which render the defendants liable for the consequences of any such mistaken belief or reliance.

The complaint does not show that the plaintiffs' loss was the result of any false representation, fraud or misfeasance on the part of the defendants.

There should be judgment for the defendants on the demurrer.