By the Court.—Monell, Ch. J.
The case made by the facts stated in the complaint can not be distinguished from Morgan v. Skidmore (55 Barb. 263), affirmed by the court of appeals (not reported). In that case the fraudulent representations were made by an individual member of a copartnership firm, in regard to the solvency of the firm, and the sale was made to the firm in reliance upon the truth of the represen *191 tations of the individual member. Upon the failure Of the firm to pay, it was sued, and a judgment upon their contract obtained. The court held that the recovery of the judgment against the firm upon its contract was not a. defense to an action against the individual member for the deceit. The causes of action, they say, are several, and the guaranty or obligation incurred by the individual member is an additional and independent security to the creditor.
When the defendant in this action made the fraudulent representations, he at once became liable for the fraud. And that liability was in no way affected by the independent agreement which was the subject of the action against the firm.
The objection that there was no offer to make restitution by the plaintiff of the property purchased, is inapplicable to the case made by the complaint. There was no disaffirmance of a contract entered into by the defendant. The only contract was made by the firm, of which the defendant was a member, and that contract and its breach was the cause of action upon which the judgment was obtained. N or did the recovery of the judgment disaffirm the sale, or affect any liability which has been incurred under it. The defendant stood, in a sense, as security, and was liable in the same manner as if he had guaranteed the debt of a third person. In a word, his liability was wholly disconnected from the liability of his firm, which subsisted upon the written agreement alone. The sale was perfected and the bonds delivered. Except for the agreement to repurchase, the plaintiff could have had no remedy for any loss against the firm. And for the fraud the defendant alone can be held.
The order overruling the demurrer should be affirmed, with costs.
Freedman, J., concurred.