## PROVIDENCE COUNTY.

### MARY WHITTIER *vs.* ISAAC P. COLLINS.

A. recovered judgment in *assumpsit* against B. for money loaned.  A. afterwards brought case against B. for alleged fraudulent and false statements made to obtain the loan.  B. pleaded in bar the judgment against him in *assumpsit.*

*Held,* that the plea was not good.

*Held,* further, that the value of the judgment in *assumpsit* was to be considered as *pro tanto* reducing the damages recoverable in the action on the case.

To the action on the case B. also pleaded in bar that he had, after the judgment in *assumpsit,* taken the poor debtor's oath, which was administered notwithstanding A.'s objection of the alleged fraudulent and false statements.  At the trial the presiding justice excluded the evidence offered to sustain this plea.  On petition for a new trial, —

*Held,* that, as the evidence was not set out on the record, the court, not knowing what the evidence was, must assume it to have been rightly excluded.

*Query.*  Whether the allowance or the refusal of a poor debtor's oath has any effect as a judgment estoppel beyond the effect given by the statute.

DEFENDANT'S petition for a new trial.

*July* 9, 1885.  DURFEE, C. J.  Two questions are raised by the petition.  The first is this : The plaintiff lends the defendant money on the faith of the defendant's representation that he has property.  The defendant failing to repay the money when due, the plaintiff sues him for it in *assumpsit* and recovers judgment, which remains unsatisfied.  The plaintiff afterwards sues the defendant in case for deceit on account of the representation, alleging it to have been false and fraudulent.  The defendant pleads the judgment in *assumpsit* in bar of the action.  Is the plea good ?  We think it is not.  The two actions are neither identical nor inconsistent.  The plaintiff, when he sues in *assumpsit,* affirms the contract, and sues to recover for a breach of it.  The plaintiff, when he sues in case for deceit, also affirms the contract, and sues for damages for the fraud by which he was led to enter into it.  The case is clearly distinguishable from the case where A.

sells goods to B., being induced to sell them by B.'s false and fraudulent representation that he has property, and, suing B. for the price, recovers judgment therefor, and then sues B. in trover for the conversion of the goods. Here the two actions are inconsistent; for A. when he sues B. in *assumpsit* affirms the contract and treats B. as the purchaser; whereas, when he sues B. in trover, he is obliged to disaffirm the contract, claiming that the goods were not sold, but fraudulently obtained, the sale being void, and that he is still the owner; and this, after he has prosecuted the contract to judgment, the law will not permit him to do, because the judgment in *assumpsit* conclusively affirms the title of B. In the case at bar, if the false representation, instead of having been made by the defendant, had been made by a third person, the unsatisfied judgment against the defendant would evidently not bar an action on the case for deceit against such third person. But we can see no difference in principle between such a case and a case in which the false representation is made by the defendant himself. *Wanzer* v. *De Baun*, 1 E. D. Smith, 261. The plaintiff in such case, of course, would not necessarily be entitled to recover the full value of the goods sold, or money lent, but it would be the duty of the jury in assessing the damages to consider the value of the judgment in *assumpsit*, and, if the judgment were thought to have any value, to reduce the assessment accordingly.

The second question arises under a special plea in bar pleaded by the defendant, which sets up that the defendant, after the judgment in *assumpsit*, applied to take the poor debtor's oath; that the plaintiff, being cited, appeared and opposed the application, alleging, among other objections, the making of the representation as aforesaid; that issue was joined on said allegation; that the magistrate, after full hearing, decided said allegation in favor of the defendant, and allowed him to take the oath, etc., "as by the record, etc., more fully appears." The plaintiff replied *nul tiel record*. The defendant, in his petition, asks for a new trial, because the court erred in excluding the evidence offered by the defendant under said plea. The petition is accompanied by an agreed statement of facts, which sets forth that the defendant offered evidence in support of the allegations of said

plea, and of the decision of the magistrate, which was excluded ; but neither the petition nor the statement shows what the evidence was which was offered. We doubt whether an allowance or a refusal to allow the taking of the poor debtor's oath is a judgment entitled to effect as such by way of estoppel beyond the effect which the statute gives ; but, if so, we still think the defendant does not show that he is entitled to a new trial, for we cannot, without knowing what the evidence was which was offered, decide that it was improperly rejected, for it may have been, not record, but merely oral testimony. We must presume that the court decided correctly until the contrary appears.

We do not think the defendant is entitled to a new trial on the other grounds assigned.　　　　　　　*Petition dismissed.*

*Warren R. Perce*, for plaintiff.

*Colwell & Barney*, for defendant.