Filed Jan. 28, 1892.

No. 15,326.

## The Union Central Life Insurance Company v. Schidler.

Judgment.—*Fraud.*—*Joint Tort-Feasors, Recovery Against One on Fraudulent Contract, Effect on Prosecution Against the Other.*—Where two persons have conspired to enable one of them to procure a loan upon a worthless security, the recovery of a judgment on contract against the one so procuring the loan is no bar to an action against the other for damages sustained by reason of his participation in the fraud.

Same.— *When Cause of Action Arises.*—As soon as the fraud is committed, in such an instance, a cause of action arises.

From the Steuben Circuit Court.

*J. A. Woodhull, W. M. Brown* and *F. S. Roby,* for appellant.

*J. I. Best, D. R. Best* and *E. A. Bratton,* for appellee.

Miller, J.—The assignment of errors calls in question the ruling of the court in overruling the demurrers to the second paragraph of the answer to the amended first paragraph of complaint, and to the amended third paragraph of answer to the second paragraph of complaint.

The causes of action stated in each paragraph of complaint are substantially alike, and state, in substance, that Admiral J. Schidler, the son of the appellee, fraudulently ob-

tained from the appellant a loan of $1,750 by misrepresenting the location, quality, condition and value of a tract of land upon which a mortgage was executed to secure a note for the loaned money; that the appellee conveyed the land to his son in order to enable him to obtain the loan, and conspired and confederated with him to procure from the appellant a loan of money and not to repay it, and that after the loan was made the appellee received and used the major portion of the money; that, the note not having been paid, the mortgage was foreclosed, and the land sold for the sum of $500, its full value, and an execution for the residue of the judgment was returned *nulla bona.*

The character of the representations, and of the participation of the appellee in the fraud, is such that no question can arise as to their materiality.

The second paragraph of the answer to the amended first paragraph of complaint avers, in substance, that, after default had been made in the payment of the loaned money, the appellant brought an action against the son, and recovered a judgment for the full amount of the damages that it had sustained by reason of the loaning of the money, and that the said damages are the identical damages sought to be recovered in the paragraph of complaint to which this paragraph is directed, and denies the averments of fraud alleged against the appellee.

The third paragraph of answer to the second paragraph of complaint avers that the appellant, after default in payment of the note, brought an action against the son upon the note, and recovered a judgment against him for the full amount of its damages, and caused an execution to issue thereon against him.

The appellee contends that if it be conceded that he was liable for the money fraudulently obtained by his son, the facts which created such liability constituted a single cause of action, for the enforcement of which the appellant had several remedies; that it had the right to repudiate the

transaction and recover back its money as upon a rescission of the contract; or it had the right to affirm the contract, and bring an action in tort against the father and son jointly, or against either severally; or, upon failure of the son to pay the debt, to bring an action against him upon his contract; that, the appellant having affirmed his contract, its remedy was either to recover its damages in an action upon the contract or in tort; but that it could not do both.

We are unable to agree with the appellee in this contention. We know of no rule of law that would prevent the application, to this transaction, of the ordinary rule that a defrauded party may affirm the contract by retaining that which he has received and suing for the damages he has sustained by reason of the fraud. If the appellant had the right to retain the note and mortgage, the right to collect them by suit or otherwise is implied as an ordinary and necessary incident to such ownership.

It follows that an action on the contract and one predicated on the fraud are not inconsistent, and that both may be prosecuted concurrently, and recovery in the one will not bar a recovery in the other.

When the fraud charged in the complaint was perpetrated, and the *tort-feasors* had thereby procured the loan, a cause of action was immediately created in favor of the defrauded party, and they were entitled to a recovery on account of the wrong for some amount, the damages being unliquidated and dependent upon the extent of the injury. Afterward, when default was made in the payment of the note, a cause of action was created in favor of the holder of the note, for a recovery against the maker, for damages for its non-payment, the amount of the recovery being fixed by the terms of the contract. These two causes of action neither accrued at the same time nor were predicated upon the same defalcation or wrong.

In the case of *Wanzer* v. *De Baun*, 1 E. D. Smith, 261, the plaintiff had recovered a judgment against the defendant

The Union Central Life Insurance Company *v.* Schidler.

as endorser of a promissory note, given in payment for goods sold by the plaintiff to a third person. Afterwards an order of arrest was granted on account of fraudulent and deceitful misrepresentations made by the defendant at the time the goods were sold. In the opinion of the court it is said: " Recovery of judgment on the contract is no bar to an action for the deceit practiced to induce the plaintiffs to make it. Were the plaintiffs now seeking to recover the *specific goods* in repudiation of the *title* of the vendee, it might be a good answer that they had affirmed the sale by suing upon the note given for the goods. But here is no repudiation of the sale. The sale was effectual. The plaintiffs lost their property thereby. They were induced, by the defendant's fraud, to make the sale, and he is justly liable for the damages which they have sustained." And at another place, speaking of the defendant, the court says: " I do not think he can be permitted to say, ' True, I defrauded the plaintiffs, but they have recovered a judgment against me, and purged my fraud, by proving, through the return of their execution unsatisfied, the very cheat by which I deceived them.' "

In *Morgan* v. *Skidmore,* 55 Barb. 263, it was held that an action of tort could be maintained against a person, or his personal representative, for deceit in making false representations as to the solvency of a mercantile firm of which he was a member, although a judgment had been recovered against the firm for the price of the goods sold on credit to the firm in consequence of such misrepresentation. This case was affirmed on appeal by the Court of Appeals, the case of *Wanzer* v. *De Baun, supra,* being cited and approved. *Morgan* v. *Skidmore,* 3 Abb. N. C. 92.

These cases have been cited and followed in *Goldberg* v. *Dougherty,* 39 N. Y. Sup. Ct. 190; *Johnson* v. *Luxton,* 41 N. Y. Sup. Ct. 481; *Bowen* v. *Mandeville,* 95 N. Y. 237.

In *Whittier* v. *Collins,* 15 R. I. 90, the court arrived at the same conclusion, citing and following *Wanzer* v. *De Baun, supra.*

We do not regard the case of *Caylus* v. *New York, etc., R. R. Co.*, 49 How. Pr. 100, as being in conflict with these cases. In that case the judgment for fraud, if rendered, would have been against the same party, and it was held that the judgment which had been entered gave as full and complete a remedy as the judgment for damages on account of the fraud would afford.

We are not of the opinion that the statement in the pleading that an execution had been issued on the judgment against the son added any thing to the sufficiency of the defence therein interposed. The judgment taken against the son of the appellee was upon contract, and not in tort, and we know of no authorities holding that the mere issuing of an execution in such action works a satisfaction of the judgment. Authorities as to the effect of executions issued upon judgments founded in actions for torts are not in point.

It is contended with much force and earnestness that the appellant can not retain the personal judgment which he has obtained, and then take judgment against the appellee for the amount of the money loaned, less the value of the land, for the reason that this would give two judgments for the same thing. The fallacy of this argument is the assumption that both judgments would be for the same thing, which the cases above cited hold is not the case; and for the additional reason that the appellee is not the person against whom the judgment has been taken.

The effect of payment of one of two judgments rendered, respectively, on contract and for tort, is not now before us, and we do not pass upon the question. But see *Bowen* v. *Mandeville, supra.*

The appellee also insists that each paragraph of the complaint was bad on demurrer, and therefore that the answers were good enough for a bad complaint. The objection urged to each of the paragraphs of complaint is their failure to state the value of the mortgaged land at the time the mortgage was executed, and the misrepresentations made. We

find that the land upon which the mortgage was executed is said to have been of little valuè, and other averments are contained in each paragraph of like import.    In the absence of a motion to make the complaint more specific, each of the paragraphs was sufficient.

The defects in the paragraphs of complaint could only affect the amount of damages to be assessed upon a recovery, and not the right to recover some amount.    *Korrady* v. *Lake Shore, etc., R. W. Co.*, 131 Ind. ——.

In our opinion the court erred in overruling the demurrers to the second paragraph of answer to the amended first paragraph of complaint, and the amended third paragraph of answer to the second paragraph of complaint, and therefore the judgment is reversed.

McBRIDE, J., took no part in the decision of this case.

