[No. 5297.]
[No. 2934 C. A.]

WILMORE v. MINTZ.

1. **Election of Remedies—Other Remedies Barred.**

An election once made with knowledge of the facts between coexisting remedial rights which are inconsistent is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit or proceeding based upon a remedial right inconsistent with that asserted by the election.—P. 330.

2. **Same.**

A landlord, whose lease provides that he shall have a lien for his rent on all goods on the leased premises, by bringing an action and obtaining a decree that he was entitled to a lien on the goods, and that they should be sold under execution, makes an election to treat his contract as one of lien, so that he cannot abandon those proceedings and treat the matter as a chattel mortgage pure and simple, and take personal possession of the property to satisfy the lien, in the absence of a showing that the judgment was ineffectual, and that possession could not be secured by the sheriff under the execution.—P. 331.

*Appeal from the District Court of the City and County of Denver.*
*Hon. John I. Mullins, Judge.*

Replevin by Charles T. Wilmore against Henry

Mintz. From a judgment for defendant, plaintiff appeals.                                    *Affirmed.*

Messrs. STUART & MURRAY, for appellant.

Mr. J. E. ROBINSON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In the year 1900 the appellant made a lease of certain property in Jefferson county to one Milstein, the lease containing the following clause:

"9th. That all goods and chattels, or any other property used or kept on said premises, shall be sold for the rent or damages under this lease, whether exempt from execution or not, meaning or intending hereby to give the party of the first part a valid and first lien upon any and all goods and chattels, crops and other property belonging to said party of the second part."

About the 29th day of April, 1901, Milstein assigned the lease to appellee. Appellee took possession of the property and held it until the expiration of the lease. Milstein owned certain personal property which he kept upon the premises until he assigned the lease to appellee, at which time he sold it to appellee and it continued to remain on the premises until appellee moved away, at which time he took all of the property with him. Later appellant brought an action in the county court of Jefferson county against Milstein, appellee, and one Rosenbaum. Appellant obtained judgment on the 25th of June, 1902, against the defendants in that action for $400.00, in which judgment it was held that "the plaintiff has and holds a first lien for the amount of the judgment herein upon the property of the defendant, Mintz, described as follows": then follows a description of the property, "and that said lien

accrued on the 29th day of April, 1901, and that said property be sold as other property is sold upon execution for the payment and satisfaction of the plaintiff's judgment herein.''

The judgment also provides for the issuance of an execution. Nothing appears to have been done under this judgment, and, in November, 1902, the appellant brought this action in the district court of Arapahoe county to replevin the property mentioned in the decree, and which is the same that was owned and kept by appellee upon the premises leased from appellant. At the trial in the district court and upon proof of the acts hereinbefore stated, a judgment of nonsuit was rendered, and plaintiff appeals to this court.

The basis of the replevin suit was the clause contained in the lease hereinbefore set forth, to the effect that appellant should have a first lien upon the property and the judgment of the county court, wherein the amount of damages sustained by appellant had been determined. The appellant contends that the clause in the lease operated as a chattel mortgage and that, upon default in the payment of the rent, he was entitled to possession of the property, while the appellee contends that the clause created but an equitable lien in favor of the landlord, and that the landlord was not entitled to possession of the property upon a breach of the conditions of the lease, but that a suit should be brought to foreclose the lien.

It is not necessary for us to determine, in this action, whether the lease amounted to a chattel mortgage or simply created an equitable lien, for the reason that the appellant has determined that question for us.

An election once made with knowledge of the facts between co-existing remedial rights which are

inconsistent, is irrevocable and conclusive, irrespective of intent, and constitutes an absolute bar to any action, suit or proceeding based upon a remedial right inconsistent with that asserted by the election.—15 Cyc. 262, and cases therein cited.

In bringing his action in the county court of Jefferson county, and obtaining a decree that he was entitled to a lien upon this property and that the same should be sold under execution, appellant elected to treat his contract as one of lien, and, having done so and having obtained his judgment, he could not abandon those proceedings and treat the matter as a chattel mortgage pure and simple, after having obtained a judgment authorizing the issuance of an execution and the taking of this property to satisfy the judgment. He did not have the right to ignore these proceedings and take personal possession of the property for the purpose of satisfying the lien.

In the absence of a showing that the judgment was ineffectual and that the possession of the property could not be secured by the sheriff upon the execution, the plaintiff was not entitled to maintain the action. The judgment of the district court being correct, it will not be disturbed, and is therefore affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.