## No. 9209.

### McKay v. Fleming.

JUDGMENT—*Conclusive Effect.* An action for the Breach of a Contract is an affirmation of the contract. One who has instituted such an action, and proceeded to judgment therein will not be heard to demand damages for frauds inducing the contract.

*Error to Gilpin District Court, Hon. Robert G. Strong, Judge.*

*Department One.*

Mr. LOUIS WAGNER and Mr. E. W. HURLBUT, for plaintiff in error.

Mr. HARRY C. RIDDLE and W. W. DALE, for defendant in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error had judgment in an action in the District Court of Gilpin County, and the defendant in that action brings error.

From the record it appears that defendant in error brought suit against Daniel J. McKay, in his lifetime, for the violation of a contract to convey land, in which action defendant McKay had judgment. On appeal the judgment was affirmed. (24 Colo. App. 380). After the death of the defendant in that suit, defendant in error Fleming filed a claim against the estate of said Daniel J. McKay, in the County Court of Gilpin County, in which said estate was in process of administration, alleging that he had been damaged in the sum of $1,450, by reason of his having been induced by the false representations of said McKay

to enter into a certain contract for the purchase of lands.

The defense was that the contract in question was the same contract which was in the earlier suit alleged to have been violated, and for which violation damages were sought. The County Court disallowed the claim, and the cause was appealed to the District Court with the result above stated.

It is not disputed that said claim against the estate was, based upon the contract involved in the first action, and that the demand was in the same amount in each case.

An action for a breach of contract is an affirmation of the contract, and is based upon the assumption that the contract, if carried out, would have been of benefit to the plaintiff.

On the other hand, an action for damages resulting from one's having been fraudulently induced to enter into a contract presupposes that the contract would be, if carried out, detrimental to the complainant.

The actions are clearly inconsistent, and, when one has been instituted and followed to judgment, the plaintiff has elected between them, and cannot thereafter have the benefit of the other remedy. The judgment in the first action is a bar to the second action. *Wilmore v. Mintz,* 42 Colo. 328, 95 Pac. 536, 20 L. R. A. (N. S.) 259.

The judgment having been pleaded and its entry established by the evidence, with a showing that the same contract was involved in both cases,—which fact was admitted in the replication,—the court erred in directing a verdict for the plaintiff. Since, for the reasons above stated, the cause must be dismissed, it is not necessary to consider the other errors assigned.

The judgment is reversed, and the cause remanded with directions to dismiss.

Chief Justice Garrigues and Mr. Justice Burke concur.