### CONTINUOUS ZINC FURNACE CO. v. AMERICAN SMELTING & REFINING CO.
### No. 59.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1932.

David A. Buckley, Jr., of New York City (Harold G. Aron, of New York City, of counsel), for appellant.

Chadbourne, Stanchfield & Levy, of New York City (C. Frank Reavis, Jr., and Martin D. Jacobs, both of New York City, of counsel), for appellee.

Before L. HAND and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The District Court dismissed the amended complaint on the ground that another action was pending between the same parties or their privies for the same cause of action. The motion to dismiss was made under rules 106 and 107 of the Rules of Civil Practice of New York because:

(1) The plaintiff had no legal capacity to sue, and there was another action pending between the same parties or their privies for the same cause of action.

(2) The amended complaint did not state facts sufficient to constitute a cause of action.

The amended complaint seeks to recover damages for a breach of contract. It alleges that a contract was made between the plaintiff and the defendant whereby the latter agreed to organize a new corporation for the purpose of commercially demonstrating and developing a certain process for the smelting and treatment of ores which was controlled in part by the plaintiff and a certain other party interested in the process; that the plaintiff assigned an interest in the process to the new company in return for stock of the new company issued to it; that the defendant agreed to advance $150,000 to the new company and to cause it to demon-

strate the process in order to show its commercial utility; but, except for the formal organization of the new company, defendant performed none of its obligations under the contract. The damages set forth were (1) that, by reason of the foregoing breach, the stock of the new company issued to the plaintiff pursuant to the contract became worthless; (2) the plaintiff was deprived of reasonably anticipated profits; and (3) the process itself was rendered unmarketable.

The amended complaint further alleges that prior to the commencement of the action the plaintiff had assigned to one Hayes its right, title, and interest in a cause of action against the defendant for deceit and fraud perpetrated upon it by the defendant in inducing the plaintiff to enter into the foregoing agreement, which the defendant did not intend to perform and obtained by misrepresentation from the plaintiff for the purpose of depriving the latter of the use, benefit, and exploitation of the above smelting process. In the assignment the plaintiff reserved to itself any cause of action arising out of the breach of the contract.

The record shows that Hayes instituted an action against the defendant herein founded upon the assignment by the Continuous Zinc Furnace Company and that the complaint in that action alleged that the defendant never intended to expend any funds or furnish any material or to take any steps to test the smelting process commercially, as it had represented that it would do, but, on the contrary, fraudulently and falsely expressed such intention in order to induce the Continuous Zinc Furnace Company to enter into the contract and to transfer its right to the process. The complaint in the Hayes' action also alleged that the statements and representations were false, were made with intent to defraud the Continuous Zinc Furnace Company and had caused that company damage. Such a complaint set forth a cause of action in deceit. Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; In re K. Marks & Co. (C. C. A.) 218 F. 453; Adams v. Clark, 239 N. Y. 403, 146 N. E. 642; Deyo v. Hudson, 225 N. Y. 602, 122 N. E. 635; Urtz v. N. Y. C. & H. R. R. R. Co., 202 N. Y. 172, 95 N. E. 711; Byrd v. Hall, 1 Abb. Dec. 285; Swift v. Rounds, 19 R. I. 527, 35 A. 45, 33 L. R. A. 561, 61 Am. St. Rep. 791; Goodwin v. Horne, 60 N. H. 485.

The objection taken to the amended complaint on the ground that it states no cause of action is clearly without substance. The objection that there is another action pending between the same parties or their privies for the same cause of action is almost equally unfounded.

The amended complaint in the case at bar and the complaint in the Hayes action set forth different causes of action. Such causes of action have generally been held to be consistent with one another because each is based on a recognition and affirmance of the contract involved in both. The cause of action asserted in the case at bar is to recover for a breach of that contract damages representing benefits that would have accrued to the plaintiff had it been performed. The Hayes action is to recover damages for losses suffered through defendant's fraud sufficient to restore the plaintiff to as good a position as though the contract had not been made. Smith v. Bolles, 132 U. S. 125, 10 S. Ct. 39, 33 L. Ed. 279. The authorities indicate that such causes of action are not identical, but are consistent, and may be prosecuted concurrently. France & Canada S. S. Corp. v. Berwind-White Co., 229 N. Y. 89, 127 N. E. 893, 10 A. L. R. 752; Bowen v. Mandeville, 95 N. Y. 237; Norton v. Huxley, 13 Gray (Mass.) 285; Whittier v. Collins, 15 R. I. 90, 23 A. 47, 2 Am. St. Rep. 879; Union Central L. Ins. Co. v. Schidler, 130 Ind. 214, 29 N. E. 1071, 15 L. R. A. 89; Talcott v. Friend (C. C. A.) 179 F. 676, 43 L. R. A. (N. S.) 649; Zimmern v. Blount (C. C. A.) 238 F. 740; Wilson v. New U. S. Cattle-Ranch Co. (C. C. A.) 73 F. 994. To the extent that the damages that may be established in the two actions may prove identical, there can be but one satisfaction. Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773.

It can be plausibly argued that an action based upon fraud in inducing a contract is inconsistent with an action for a breach, for the reason that the first action seeks damages that would work a rescission in a pecuniary sense and in effect restore the plaintiff to his original position. Such a view seems to have been taken by the Supreme Court of Colorado in McKay v. Fleming, 66 Colo. 258, 180 P. 747. But by the great weight of authority a suit for rescission, or an action involving complete rescission, of a contract is regarded as inconsistent with an action for a breach, and may not be prosecuted along with the latter; whereas an action in deceit where rescission is not sought may proceed concurrently with an action for a breach.

The contention that the plaintiff has no legal capacity to sue is unfounded. To be sure, the plaintiff assigned to Hayes its cause

of action arising out of any fraud in inducing the contract, but it reserved to itself all causes of action arising out of a breach. While Hayes' rights may be imperiled should the plaintiff satisfy a judgment first, we see no reason to doubt the validity of the reservation in the assignment, extraordinary though it be in fact. Two separate causes of action lie which are neither the same nor inconsistent. We think that they may both proceed.

The judgment dismissing the amended complaint is reversed.