LOEFFLER *v.* NIELSON.

ELECTION OF REMEDIES — ASSUMPSIT — JUDGMENT — BANKRUPTCY — FRAUD.

Action for fraud and deceit in inducing contract brought for identical damages for which action of assumpsit was prosecuted is barred by judgment in latter suit notwithstanding defendant was discharged from liability thereunder by bankruptcy proceedings, where there is no claim fraud was not discovered until after judgment in assumpsit was obtained.

Appeal from Wayne; Campbell (Allan), J. Submitted June 9, 1933. (Docket No. 71, Calendar No. 37,257.) Decided December 19, 1933.

Case by Albert Loeffler against Claudius Nielson for fraud. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Leo Hartford,* for plaintiff.

*Maurice F. Paterson,* for defendant.

BUTZEL, J.  In accordance with a written contract, Albert Loeffler, plaintiff, paid Claudius Nielson, defendant, $2,000 for a 2/15ths interest in the business conducted by the latter under the trade name of "Nielco System, General Maintenance Company." It was engaged in general repairing and in the washing of houses and other buildings. The parties agreed in the contract that the "fair and reasonable market value of the said assets and the exclusive franchise of the Nielco System in Wayne county" was $15,000. This interest was to be exchanged for stock in a corporation which, the contract stated, defendant intended to organize. It further provided that plaintiff was obligated to sell his interest to defendant at its book value, but not for less than $2,000, at any time after a 30-day notice, and that defendant would purchase plaintiff's interest for the sum of $2,000 on like notice.

Plaintiff gave a 30-day notice of his desire to sell and, upon defendant's refusal to repurchase, brought suit in assumpsit, declaring upon the written agreement. A few days after suit was instituted, defendant was adjudicated a bankrupt. Notwithstanding this fact, plaintiff proceeded to take judgment for $2,111.65, the full amount of his claim. Subsequently defendant received his discharge in bankruptcy. Several months after defendant had been adjudicated a bankrupt, plaintiff began the instant suit for fraud and deceit, claiming that defendant had neither formed nor intended to form a corporation, that the value of the business and assets was not $15,000, and that other false rep-

resentations had been made. We need not discuss the merit of these charges. There is no claim that the alleged fraud was not discovered until after the judgment in assumpsit was obtained.

The trial judge directed a verdict in favor of defendant on the ground that plaintiff could not recover a second time after obtaining a previous judgment in assumpsit for the full amount of his claim.

The question was raised whether the mere bringing of the action in assumpsit constituted a waiver of the tort. Inasmuch as plaintiff carried his first suit through to judgment, we limit our consideration to the effect of an assumpsit judgment as a bar to a suit in tort. Our attention is called to the fact that, in some instances, courts have upheld the propriety of obtaining two judgments, one for the breach of the contract and the other for the fraud practiced upon the injured party in inducing his entrance into the contract. *Continuous Zinc Furnace Co.* v. *American Smelting & Refining Co.* (C. C. A.), 61 Fed. (2d) 958, 959; *Union Central Life Ins. Co.* v. *Schidler,* 130 Ind. 214 (29 N. E. 1071, 15 L. R. A. 89) ; *Whittier* v. *Collins,* 15 R. I. 90 (23 Atl. 47, 2 Am. St. Rep. 879) ; *Standard Sewing Machine Co.* v. *Owings,* 140 N. C. 503 (53 S. E. 345, 8 L. R. A. [N. S.] 582, 6 Ann. Cas. 211). These cases, however, have permitted only one satisfaction for the damages suffered.

In the instant suit, it is apparent that the damages recoverable in both suits were identical in amount. We do not feel called upon at this time to accept or reject the principle announced in the cases hereinbefore cited. Even were we to apply the rule advanced in these cases to a situation in which the damages for the breach of the contract and for the fraud were entirely separate and dis-

tinct, we cannot see the propriety of permitting the plaintiff to recover two judgments when it is clear that the amount of damages recoverable under each theory or cause of action is identical. Such a rule must, of necessity, encourage a multiplicity of suits. This court is committed to the discouragement of unnecessary litigation. Plaintiff's first judgment in assumpsit covered any damages he may have suffered, either by reason of the breach of the contract or as a result of the fraud. The judgment was for the entire amount of his investment. He was entitled to no more under a fraud theory. The trial judge correctly held that the assumpsit judgment was a bar to the present suit.

The judgment is affirmed, with costs to defendant.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., took no part in this decision.