No. 17,085.

SAUNDERS *v.* AKERS.

(260 P. [2d] 596)

Decided August 3, 1953.

Messrs. THURMON, GREGORY & TAYLOR, for plaintiff in error.

Mr. SAM WEINSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

R. AKERS brought an action in the justice court against Lester L. Saunders to secure a judgment on Saunders'

promissory note. Judgment in said court was in favor of defendant and on appeal to the county court, judgment was entered in favor of Akers and against Saunders. Plaintiff in error brings the cause here by writ of error seeking a reversal of the judgment.

On January 23, 1952, Louis J. Weinstein, the then owner of certain personal property, fixtures and equipment used in the operation of a restaurant, entered into an agreement with Lester L. Saunders whereby he covenanted and agreed to sell this property to Saunders for a consideration of $7,000.00, and at that time Saunders paid Weinstein $25.00 and further agreed to pay the balance of the purchase price in semi-monthly payments based upon seven per cent of the gross proceeds derived from the restaurant business. In said agreement the following pertained to its termination: "* * * but in case of failure of the party of the second part to make any one or more of said payments or perform any of the covenants agreed to be made and performed by the party of the second part, this Agreement may be terminated at the election of the party of the first part upon giving to the party of the second part thirty (30) days' notice of intention so to do, which notice may be by registered mail directed to the last known address of the party of the second part, *and in case of such election, the party of the second part shall forfeit all payments made and such payments shall be retained by the party of the first part in full satisfaction and liquidation of all damages party of the first part may have sustained.*" (Italics ours)

April 10, 1952, Saunders having failed to make the semi-monthly payment due on April 3, 1952, Weinstein wrote him a letter in which he called attention to the provisions of the contract, concluding with the following statement: "In accordance to the terms of our agreement I am herewith notifying you, as provided in the agreement, of my election to terminate this agreement thirty (30) days from the above date."

May 2, 1952, Saunders delivered the keys to the restaurant to Weinstein, and at that time produced records showing that defaulted payments, based on seven per cent of the gross profits, amounted to the sum of $199.39. The undisputed testimony in effect is that Weinstein's attorney advised Saunders that this sum was a collectible item, and payment thereof was demanded, whereupon Saunders signed a promissory note for said sum, which note had been prepared by Weinstein's attorney. The promissory note not having been paid at maturity, it was assigned to plaintiff herein for collection, and this action was instituted.

█ █ Under the terms of the agreement Weinstein had two courses open to him when Saunders defaulted in payment. He had an election of remedies. *Wilmore v. Mintz*, 42 Colo. 328, 95 Pac. 536; *Standring v. Gordon*, 118 Ore. 339, 246 Pac. 361; *James v. Allen*, 23 Cal. App. (2d) 205, 72 P. (2d) 570; *C. I. T. Corporation v. Fisher*, 187 Okla. 314, 102 P. (2d) 848; 78 C.J.S., pp. 344, et seq., §597; pp. 349, et seq., §600; 47 Am. Jur., pp. 104, et seq., §896; pp. 170, et seq., §960. One of these courses was to commence an action for judgment in the amount then due in accordance with the terms of the agreement; the other was the right to terminate the agreement because of Saunders' failure to abide by the terms and conditions thereof. Weinstein elected to pursue this latter course, and, having done so, he is irrevocably committed to that course. *Wilmore v. Mintz, supra;* 18 Am. Jur., p. 167, §51; 28 C.J.S., pp. 1101, et seq., §29. Having elected to rescind the agreement and foreclose all rights of Saunders thereunder, Weinstein then became entitled to retain the payments *made* by Saunders as liquidated damages "in full satisfaction and liquidation of all damages party of the first part may have sustained" by reason of Saunders' default. May 2nd, when possession of the restaurant was returned to Weinstein in accordance with the latter's demand, all of Saunders', as well as Weinstein's, rights and obligations under the agreement were terminated

and the agreement cancelled. There was nothing due from Saunders in accordance with the terms and conditions of the agreement prepared by Weinstein's attorney. If the promissory note was accepted by Weinstein as full payment and discharge of Saunders' obligation under the agreement, then the agreement was not rescinded but remained in full force and effect. If, however, the agreement was rescinded as it was considered by both parties thereto, there was no further obligation under it, and the promissory note given in payment of the defaulted semi-monthly installments due under the agreement was without consideration.

The trial court, in entering judgment for plaintiff, stated, inter alia: "It is the opinion of the court—and the court so holds at this time—that the reference therein [in the agreement] to payments made would include payments which should have been made, and it is proper consideration and sufficient consideration for the execution of the note that the maker thereof would obligate himself for payments which should have been made during the life of the contract and to the effective date of the termination thereof." The agreement probably could have been drawn so that the promissory note here in question would have been supported by a valid consideration, but this was not done, and the trial court erred in entering judgment for plaintiff.

The judgment is reversed and the cause remanded with instructions to set aside the judgment and enter judgment in favor of defendant for costs.