James S. Brown, J.
Plaintiff moves to strike defendant’s counterclaim.
In this action by the purchaser to rescind a contract to buy and sell real estate, defendant builder has interposed an answer consisting of a general denial, an affirmative defense and a counterclaim. The affirmative defense reads that ‘ defendant was and is entitled to retain the sum of $1,650 as liquidated damages.” The counterclaim seeks $5,000 as damages at law for the very same breach of contract, for which defendant has retained the $1,650 paid on account of the purchase price.
*551 Plaintiffs contend that defendant may not retain the money paid on account of the purchase price as liquidated damages, pleaded herein as an affirmative defense, and at the same time make a counterclaim for actual or unliquidated damages. It is plaintiffs’ position that defendant should be compelled to make a choice and that the counterclaim for unliquidated damages be dismissed. Defendant states that the contract herein permits it to elect either “ to retain the sum paid * * * as liquidated damages or to seek to recover its damages at law,” and that it is proper to plead in the alternative.
The contract provides that in the event plaintiffs fail to furnish the necessary information to a lending institution and the institution should reject the plaintiffs’ mortgage application by reason of such failure, “ the seller may, at its option, either retain the amount paid on account of this contract as liquidated damages or pursue such other remedy or remedies against the purchaser for breach of this contract as may be permitted by law.” (Par. 3[c] of contract.)
Defendant has retained said sum as liquidated damages and in effect seeks to obtain additional damages over and above the liquidated amount despite the fact that the relief sought is in the alternative.
The court finds that upon the occurrence of the afore-mentioned contingency, to wit, plaintiffs’ alleged breach, defendant made a choice by electing to retain the money paid on account of the contract, which has been designated as liquidated damages. That the election was irrevocably made by retention of the money is further buttressed by the fact that defendant sets up such retention as an affirmative defense. The interposition of such a defense must be construed as a firm declaration of defendant’s election to retain the money as liquidated damages. There do not appear to be many reported cases in point but in one case containing a somewhat analogous situation, where simply a letter was used to advise the purchaser of the choice made by the seller, the court held that the seller having “ elected to pursue this latter course, and, having done so, he is irrevocably committed to that course.” (Saunders v. Akers, 128 Colo. 100, 102.) In the Saunders case the sales contract provided that in the event of default, the seller could elect to terminate the agreement and retain as liquidated damages payments made by the buyer, or institute an action at law for the breach.
Motion is granted. The counterclaim is dismissed. Settle order on notice.