MORTON A. BOWEN, as Executor, etc., Respondent, *v.* WILLIAM
F. MANDEVILLE, Appellant.

Where a party has been induced by fraud to enter into an executed con-
tract for the purchase of property he may either rescind and recover back
the consideration paid, or affirm the contract and recover damages for the
fraud; he cannot have both remedies as they are inconsistent.

A party may, however, prosecute as many remedies as he legally has,
provided they are consistent and concurrent.

In an action to recover damages for alleged fraud by which B., plaintiff's
testator, was induced to purchase a bond and mortgage of defendant, it
appeared that B. had previously recovered two judgments against de-
fendant for installments of interest falling due on the bond, in actions
upon a guaranty of payment contained in the assignment of the securi-
ties. *Held* that such judgments were not a bar to the action, as the reme-
dies were consistent and concurrent, both proceeding upon the theory
of an affirmance of the contract.

*It seems* that, had the former judgments been for the whole amount guar-
anteed, a different question would have been presented; that plaintiff is
entitled to but one satisfaction of the whole damage sustained, and when
this has been obtained, all of the judgments should be ordered satisfied.

(Argued January 18, 1884; decided March 4, 1884.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, made January 25,
1883, which reversed an order of Special Term, denying a
motion for a new trial, and granted such motion. (Reported
below, 29 Hun, 42.)

This action was originally brought by Adna Bowen, the
present plaintiff's testator, to recover damages for alleged fraud
in the sale by defendant to plaintiff's testator of a bond and
mortgage.

The complaint alleged in substance that said Bowen was
induced to purchase by means of false and fraudulent repre-
sentations on the part of defendant as to the value and
condition of the mortgaged premises. The assignment of the
bond and mortgage contained a guaranty on the part of
defendant of payment of the whole amount secured thereby.
The bond was payable in installments, having several years
to run, with interest annually. It appeared on the trial that
the original plaintiff had sued the defendant on his guaranty

for each of two installments of interest, as they matured, and obtained judgment on each, but no part of the same has been collected. The trial judge ordered a nonsuit upon the ground that the action was barred by the recoveries in the suits upon the guaranty.

*Edward Webster* for appellant. A judgment extinguishes a demand, and if plaintiff brings two actions for the same cause a judgment in one action is a bar to the other. (*Nicholas* v. *Mason*, 21 Wend. 339; *Thomas* v. *Rumsey*, 6 Johns. 26.) In an action for fraud, proof of a former recovery on contract for the same cause is a bar to the second action. (*Jones* v. *Schrieven*, 8 Johns. 453; *Knight* v. *Dunlop*, 4 Barb. 36; *Rice* v. *King*, 7 Johns. 20.) Where there exists an election between two inconsistent remedies, the party is confined to the remedy which he first prefers to adopt; the remedies are not concurrent, and the choice between them being made, the right to follow the other is forever gone. (*Rodermand* v. *Clark*, 46 N. Y. 357; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Morris* v. *Rexford*, 18 N. Y. 552; *Moller* v. *Tuska*, 87 id. 166.) The fact that plaintiff purchased the securities at an exorbitant discount, ought of itself to have put him upon his inquiry. (*Long* v. *Warren*, 68 N. Y. 427; *Williamson* v. *Brown*, 15 id. 354.) The holder of a bond and mortgage has his election to sue on the bond, or to foreclose the mortgage; but if he elect to foreclose, no action at law shall commence or be maintained without express leave of the court. (Code of Civil Proc., §§ 1628, 1630.)

*H. D. Tucker* for respondent. The judgment recovered by plaintiff for the first installment against defendant on his guaranty of payment of the bond and mortgage, and the pendency of the action for the recovery of the second installment constituted no defense to this action. (*Steinbach* v *Relief F. Ins. Co.*, 77 N. Y. 498, 501; *Rice* v. *King*, 7 J. R. 20.) The remedy to enforce the contract and the remedy to rescind and to recover back the consideration, are inconsistent with and hostile to each other, and this latter remedy is just what the

plaintiff has waived by his acts of affirmance, and nothing more. (*Rodermand* v. *Clark*, 46 N. Y. 352; *Allaire* v. *Whitney*, 1 Hill, 482; *Whitney* v. *Allaire*, 1 Cow. 365; *Gould* v. *Cayuga Co. B'k*, 86 N. Y. 75, 84.) The judgment on the guaranty is but a security for the original cause of action on the contract of sale and guaranty on which it is founded, until it be made productive in satisfaction; until then the judgment cannot operate to merge the fraud or change any other collateral, concurrent remedy which the plaintiff may have. (*Drake* v. *Mitchell*, 3 East, 258; *Chipman* v. *Martin*, 13 J. R. 241, 244; *Bowman* v. *Teal*, 23 Wend. 306, 309; *Ward* v. *Wyman*, 17 id. 193.) Plaintiff had a right to rely on the defendant's representations and was not bound to investigate and verify statements the truth of which is known to the opposite party. (*Mead* v. *Bunn*, 32 N. Y. 275; *Blossom* v. *Barrett*, 37 id. 437; *Masson* v. *Bovet*, 1 Denio, 74; *Luckenheimer* v. *Angevine*, 81 N. Y. 394, 397.)

RUGER, Ch. J.  It is claimed that fraudulent representations as to the value and condition of mortgaged premises were made by the defendant to the plaintiff, upon the sale and transfer by the former to the latter of a certain bond and mortgage covering such premises. Upon the sale the defendant also guaranteed the payment of the amount secured by the bond and mortgage.

This action is brought to recover judgment for the damages claimed to have been suffered by the plaintiff, owing to the alleged fraud.

It is insisted by the defendant that the action is barred by the former recovery of two judgments by the plaintiff against the defendant, upon the latter's guaranty, for interest that had accrued upon the mortgage debt.

This claim must prevail unless the various remedies pursued are independent and consistent. This we think them to be.

When a party has been induced by fraud to enter into an executed contract for the purchase of property he may, upon discovering the fraud, prosecute one of two classes of remedies.

He may rescind the contract, and after restoring to the other party whatever may have been received thereon, sue for and recover back the entire consideration paid by him; or he may retain what he has received and sue for and recover such damages as he can establish have been occasioned by the fraud. (*Lloyd* v. *Brewster*, 4 Paige, 537; *Bank of Beloit* v. *Beale*, 34 N. Y. 473; *Rodermund* v. *Clark*, 46 id. 354.)

But these remedies being inconsistent cannot both be prosecuted and maintained. (See authorities, *supra*.) One proceeds upon the theory of a rescission of the contract, the other upon its affirmance; and the election to pursue one constitutes the rejection of the right to adopt the other.

A party may, however, prosecute as many remedies as he legally has, provided they are consistent and concurrent. (*Morgan* v. *Skidmore*, 55 Barb. 263; affirmed Court of Appeals, 3 Abb. [N. C.] 92; *Wanzer* v. *De Baun*, 1 E. D. Smith, 261; *Goldberg* v. *Dougherty*, 39 Supr. Ct. 190; *Whitney* v. *Allaire*, 1 N. Y. 312; *S. C.*, 1 Hill, 484; 4 Denio, 554; *Corn Exchange Ins. Co.* v. *Babcock*, 8 Abb. [N. S.] 257.)

The record in this case does not show any attempt on the part of the plaintiff to rescind the contract of sale. No action has been commenced by him seeking a recovery upon such a theory, and consequently the several remedies prosecuted by him herein must be considered as consistent and maintainable if founded upon existing causes of action.

The present action is not inconsistent with those heretofore brought by the plaintiff in which judgment was recovered for the amount of accrued interest upon the guaranty executed by the defendant. All of the actions have proceeded upon the theory, on the part of the plaintiff, of an affirmance of the contract of sale. Although they differ in form, one does not allege what the other denies; but while they are consistent they are not identical, and a recovery in one does not constitute a bar to a recovery in the other. One proceeds upon the theory of a tort, and the other upon contract; and the rule upon which damages are awarded is different in the two cases. In the one it is governed by the amount stipulated in the contract, and in

the other by the difference between the value of the property as represented upon the sale and its actual value.

If we apply the test as to whether the same evidence is required to support both actions, it will be seen that they are not the same. (*Rice* v. *King*, 7 Johns. 20.) In the one case the recovery is based upon the express liability assumed by the party in his contract, and in the other upon the liability incurred for a violation of the duty of honesty and fair dealing which the law enjoins upon one in his dealings with another.

It is true that in the event that the property sold is utterly worthless the amount of damage might be the same in both cases; but this would be a mere accidental coincidence, and would not affect the general rule by which the actions are distinguished.

The party injured can, however, recover but one satisfaction for the damages suffered; no matter how many actions he may be entitled to prosecute for their recovery.

A different question would have been presented had the plaintiff first recovered judgment for the entire amount guaranteed to be paid by the defendant, and had then sought to maintain this action. As such a judgment would have covered the entire damage that could be occasioned by the transaction in question, it would necessarily include both the damages inflicted by the fraud as well as those resulting from the breach of contract. In such a case the court might possibly restrain the prosecution of an action to recover for an amount which might be presumed to have been merged in the judgment already obtained. (*Cormier* v. *Hawkins*, 69 N. Y. 190.) But that question is not presented by this case. Here judgment has been obtained for a portion only of the defendant's contract liability, and it possibly may cover a portion of the liability which he has incurred by reason of his fraud, but it does not necessarily do so, and certainly does not at all indicate the extent of the damage finally recoverable in either form of action, and hence is not a recovery upon the same cause of action.

The several causes of action stated by the plaintiff are con-

sistent, and co-exist independent of each other, and upon settled principles are each maintainable until satisfaction of the whole damage is finally obtained either in one form or another. (*Allaire* v. *Whitney*, 1 Hill, 484.)

When such satisfaction has been obtained, the judgments, however numerous they may be, will be ordered satisfied by the court upon the application of the defendant as in the case of several judgments recovered for damages occasioned by the same wrong against several joint tort feasors. (*Corn Exchange Ins. Co.* v. *Babcock, supra.*)

The order should, therefore, be affirmed, and judgment absolute ordered against defendant upon his stipulation, with costs.

Miller, Earl and Finch, JJ., concur. Rapallo, J., concurs, on the ground that the recoveries heretofore had only relate to the first two installments, and that this action can be maintained for the recovery of damages in respect to the amounts of the subsequent installments. Andrews, J., concurs in result. Danforth, J., dissents.

Order affirmed and judgment accordingly.