FANNIE FRUHAUF, Respondent, v. HENRY M. BENDHEIM, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Vendor and purchaser.* *Incumbrance.*—A renewal clause, in a lease on the premises agreed to be conveyed, constitutes an undisclosed incumbrance thereon, which will justify the purchaser, unless it is removed, in refusing to take the title under the contract.
2. *Same.* *Action to recover back purchase price.*—Upon the failure of the vendor to convey a good title to the vendee, the latter can at once maintain an action to recover so much of the purchase price as has been paid.
3. *Husband and wife.* *Transactions between them.*—A contract for the conveyance of real estate can be assigned directly by the vendee to his wife.
4. *Pleadings.* *Proof under.*—Admissions of fact in the pleadings render proof thereof unnecessary.
5. *Same.* *Demand clause.*—The fact that the plaintiff demanded judgment for the recovery of " said deposited sum," instead of asking in terms for damages for breach of the contract, is immaterial. It is sufficient that the complaint states facts which, if proved, will entitle plaintiff to a verdict.

Appeal from a judgment entered upon a verdict in favor of the plaintiff directed by the court at circuit.

*Samuel W. Weiss*, for appellant.

*Lewis Sanders*, for respondent.

BARTLETT, J.—On July 20, 1886, an agreement in writing was entered into between the defendant and Jacob L. Fruhauf, the husband of the plaintiff, whereby the defendant agreed to sell, and Fruhauf agreed to buy certain real estate in the city of New York for $25,000, of which the sum of $1,000 was paid at the time the contract was made. The purchaser agreed to pay the balance by taking the con-

veyance of the premises, subject to a mortgage of $15,000; by executing another mortgage thereon for . $4,000; by assigning to the vendor a second mortgage on other property for $2,800; and by paying $2,200 in cash at the time of the delivery of the deed, on August 5, 1888. The contract provided that the defendant on that date should execute, acknowledge and deliver to the purchaser or to his assigns a proper deed, containing a general warranty and the usual full covenants for the conveying and assuring to him or them the fee simple of the said premises, free from all incumbrances, except said $15,000 mortgage and existing tenancies, and subject to lease to Claus Tibken, expiring May 1, 1889.

Prior to the day fixed for closing the title, Jacob L. Fruhauf, by an instrument in writing, assigned the contract, and all his rights therein granted to his wife, Fannie Fruhauf the present plaintiff. She extended the time for closing the title, until August 13, 1886. On that date, she attended at the place fixed by the contract, and informed the counsel for the defendant that she was ready to take the property. The defendant was not there, and his counsel said that he could not give it to her.

It appears that subsequently on August 17, 1886, and before this action was commenced, the defendant tendered to the plaintiff a deed, duly executed by himself and wife, of the premises specified in the contract, which deed, in form, complied with the requirements of the contract; but it also appears that then and at all times subsequent to the execution of the agreement, the lease to Claus Tibken, therein mentioned, as expiring on May 1, 1889, contained a covenant for a renewal for an additional term of two years from that date at the same rent.

There is no suggestion that the purchaser had any knowledge of this provision in the lease.

It was admitted on the trial that Jacob L. Fruhauf had paid the defendant $1,000, under the terms of the contract

of sale, at the time of its execution and delivery; that the lease to Claus Tibken was still in force, unchanged in any respect; that $250 was a reasonable fee for searching the title to the premises, and that the plaintiff had agreed to pay that amount to her counsel. The court directed a verdict for the plaintiff for $1,250, with interest, and from the judgment entered upon that verdict, the defendant appeals.

The renewal clause contained in lease to Claus Tibken, constituted an undisclosed incumbrance which, unless it was removed, justified the purchaser in refusing to take title under the contract. It was a covenant running with the land (Piggot *v.* Mason, 1 Paige, 412); and enforceable against the grantee of the fee. The agreement was to convey the land free from all incumbrances, except the $15,000 mortgage, and existing tenancies, and subject to the lease to Claus Tibken, expiring May 1, 1889. It is argued that the term "existing tenancies," showed that something besides the Tibken lease was in the minds of the parties, and that the right of renewal reserved in that lease, was covered by this expression.

The particular specification of the Tibken lease, however, in addition to existing tenancies, indicates on the contrary that such lease was not considered to be embraced in the phrase, "existing tenancies." So far as this lease is concerned, what the vendor agreed to do was to take the premises subject to a letting, which should terminate on May 1, 1889—not subject to a lease, which he might be obliged to continue until May 1, 1891. The existence of a covenant, which entitled the tenant to compel the grantor of the leased property thus to extend his tenancy was an incumbrance, which prevented the vendor from carrying out his contract according to its terms.

The objection that the assignment of the contract conveyed no rights to the plaintiff, because she was the wife of the original vendee is not tenable. It is true that prior to the enactment of chapter 537 of the Laws of 1887, a

deed directly between husband and wife was wholly in-
effectual at law; and the transaction in suit occurred in
1886. But a contract for the purchase and sale of land is
not a deed. Although under such a contract it has fre-
quently been said that the land becomes real estate in the
purchasers, yet even then the vendor retains the legal title
as their trustee. Thompson *v.* Smith, 63 N. Y. 301–303.
The assignment of a contract of this kind is not equiva-
lent to a conveyance of the property to which it relates,
for the legal title to such property remains in trust in the
vendor. If such an assignment were equivalent to a deed,
the wife of the original vendee would have to join in the
assignment in order to cut off her dower, should the origi-
nal vendee desire to transfer his interest in the contract to
a third party.

In the case at bar, the vendee upon the failure of the
vendor to convey a good title could at once maintain an ac-
tion to recover so much of the purchase-price as had been
paid; the fact that the payment of $1,000 is referred to in
the complaint as a deposit, and that the plaintiff demands
judgment for the recovery of "said deposited sum" in-
stead of asking in terms for damages for the breach of the
contract is unimportant. It is enough that the complaint
stated facts, which when proved, entitled the plaintiff to
the verdict which she has obtained.

The suggestion that the plaintiff did not show that she
had performed or offered to perform the contract on her
part is met by an admission to the contrary in the record.
As to that portion of the verdict which is based on the ex-
penditures for the examination of the title of the appellant
insists that there is no evidence that the plaintiff employed
counsel to search the title for her, or that title was searched
for her, or that she incurred any expense therefor. On this
subject there are two admissions in the case. The first is
"that the reasonable expense of searching the title of the
premises in question is $250." The second of these admis-

sions is : "It is admitted by the defendant that $250 is a reasonable fee for searching title and disbursements of premises specified in contract, and that plaintiff agreed to pay that amount to her counsel." The complaint expressly alleged that the plaintiff and her husband caused the title to be examined, and thereby incurred an expense and liability to counsel for such examination, and for disbursements necessarily incurred to the damage of the plaintiff in the sum of $3,000. The admissions which have been quoted, must have been made in reference to this allegation. They could have had no force or effect in the case, and were utterly meaningless unless they were intended to involve an acknowledgment on the part of the defendant, that the plaintiff had incurred an obligation to pay $250 to her counsel, and I think they must be so construed.

The tender of a deed by the defendant to the plaintiff on August 17, 1886, was ineffectual, inasmuch as the defect in the title due to the existence of the renewal clause in the Tibken lease, had not been obviated, and in view of the admitted and continued existence of this defect, the ruling of the court excluding testimony as to why the defendant did not attend to close the title at an earlier date, and the other rulings upon evidence to which our attention has been directed, must be deemed unimportant.

The judgment appealed from should be affirmed with costs.

VAN BRUNT, Ch. J., and DANIELS, J., concur.