FRANK E. TAFT, Appellant, *v.* FRANK A. BRONSON, Respondent.

Third Department, November 14, 1917.

**Pleading — joinder of causes of action on contract and tort — when actions not inconsistent.**

Where a complaint affirms a sale of corporate stock by the defendant to the plaintiff and seeks to recover damages because of alleged fraudulent representations inducing the sale, and also affirms a written contract made at the time of the alleged fraud, to the effect that the defendant

would buy back the stock if the plaintiff failed to receive permanent employment by the corporation, such causes of action are not inconsistent, so as to render the complaint demurrable.

Even if the full satisfaction of one cause of action would prevent a recovery under the other, said fact does not establish that the actions are inconsistent. It merely affects the question of damages.

APPEAL by the plaintiff, Frank E. Taft, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 15th day of August, 1917, denying his motion for judgment on the pleadings and sustaining defendant's demurrer to the complaint.

*Hinman, Howard & Kattell [Frank L. Wooster* and *Archibald Howard* of counsel], for the appellant.

*Newell, Rhodes & Swartwood [Leon C. Rhodes* of counsel], for the respondent.

COCHRANE, J.:

The complaint sets forth a cause of action against the defendant for false and fraudulent representations in the sale to the plaintiff by the defendant of 150 shares of the capital stock of a corporation organized and controlled by the defendant. It is alleged that such false and fraudulent representations consisted in statements that the corporation was doing a good business and that it practically had no debts or obligations, which representations were false and known by the defendant to be false and were made by him with intent to deceive and defraud the plaintiff; that plaintiff paid to the defendant $10,000 for said corporate stock, which was in fact worthless, but would have been worth the whole amount paid therefor had the representation of the defendant been true. The complaint then alleges that at the time of the sale by the defendant to the plaintiff of said corporate stock, the defendant, controlling the management of said corporation, agreed in writing with the plaintiff, as an inducement to him to purchase the stock, that he should be engaged as an employee of said corporation and paid a salary for his services, and that in case his said employment should be terminated and his salary discontinued, the defendant would repurchase from the plaintiff said stock and pay him therefor

the sum of $10,000; that the employment of the plaintiff by said corporation has been terminated and his salary discontinued; that the plaintiff has tendered a transfer of said stock to the defendant and demanded from him the sum of $10,000 pursuant to the provisions of said written agreement, and that the defendant has refused to comply with said demand. The plaintiff demands judgment in the complaint for the sum of $10,000.

The defendant demurred to the complaint on the ground that a cause of action in tort and a cause of action on contract are improperly united therein. By the order appealed from this demurrer has been sustained.

Section 484 of the Code of Civil Procedure permits the plaintiff to unite in the same complaint two or more causes of action (Subd. 9) " upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section," provided among other things that they are consistent with each other.

It is not disputed that a cause of action in tort and a cause of action on contract are united in this complaint nor that such alleged causes of action arise out of the same transaction or are connected with the same subject of action. But it is contended by the defendant that such causes of action are inconsistent with each other.

The plaintiff does not repudiate in his complaint the alleged fraudulent sale of stock to him. On the contrary, he affirms the sale and standing on the contract of sale and asserting the same, seeks to recover damages because of the alleged fraud. In addition thereto he affirms the written contract made at the time of the alleged fraud to the effect that the defendant would buy back the stock if the plaintiff failed to receive permanent employment. Evidence of such contract might properly be given in proving the alleged fraud even if the complaint contained only the cause of action because of such fraud. It was a part of the alleged fraudulent transaction. The theories of the two causes of action are not inconsistent nor is the evidence in support of either inconsistent. Proof of one does not destroy the other. What one alleges the other does not deny. The assertion of one does

not negative the other. The pleading is well supported by authority. (*Bowen* v. *Mandeville,* 95 N. Y. 237; *New York Land Improvement Co.* v. *Chapman,* 118 id. 288, 296; *Crossman* v. *Universal Rubber Co.,* 127 id. 34.)

The defendant relies on *Edison Electric Illuminating Co.* v. *Kalbfleisch Co.* (117 App. Div. 842; 127 id. 298), but if that case is an authority for the defendant, it is in conflict with the cases above cited and cannot, therefore, be followed.

It may be that plaintiff could not recover full damages under both causes of action, but that question need not be considered because he is not seeking a double recovery. But the fact, if it be a fact, that full satisfaction of one cause of action would prevent a recovery under the other cause of action does not establish that the causes of action are inconsistent. (*Bowen* v. *Mandeville, supra.*) That merely affects the question of damages.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, but with leave to the defendant within twenty days to serve an answer on payment of such costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant within twenty days to serve an answer on payment of such costs.