FRANCE AND CANADA STEAMSHIP CORPORATION, Respondent, *v.* THE BERWIND-WHITE COAL MINING COMPANY, Appellant.

First Department, March 5, 1920.

**Pleadings — joinder of cause of action for fraud inducing making of contract with actions on same contract — inconsistent causes of action.**

An action for damages for fraud and deceit, whereby a person was induced to enter into a contract, and one upon the contract cannot be united in the same complaint.

Accordingly a cause of action based on the theory that because of false and fraudulent representation made by the defendant that he had the necessary export license the plaintiff was induced to charter a vessel from a third person and enter into a contract rechartering the same to the defendant and that solely by reason of the fact that the defendant did not have the license the vessel was delayed in sailing after it was loaded, to the plaintiff's damage, cannot be joined with a second cause of action for a balance due

for freight agreed to be paid by the defendant to the plaintiff and with a third cause of action to recover demurrage stipulated in the contract to be paid in case there was a delay in sailing longer than that required for loading.

Moreover, the first and third causes of action are inconsistent, for the proof of one disproves the other.

SMITH, J., dissents, with opinion.

APPEAL by the defendant, The Berwind-White Coal Mining Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of August, 1918, overruling the demurrer to the amended complaint brought on as a contested motion under section 976 of the Code of Civil Procedure.

*Leo J. Curren* of counsel [*Herbert Green*, attorney], for the appellant.

*Carroll G. Walter* of counsel [*J. Culbert Palmer* with him on the brief; *Patterson, Eagle, Greenough & Day*, attorneys], for the respondent.

PAGE, J.:

The amended complaint sets forth three separate causes of action.  The first is to recover damages for false and fraudulent representations alleged to have been made to induce the plaintiff to charter a vessel to the defendant for the purpose of carrying a cargo of coal from Hampton Roads, Va., to Rio Janeiro, Brazil.  It is alleged that the defendant represented to the plaintiff that the defendant then had the necessary Federal export license; that the defendant was informed and knew that it would be necessary for the plaintiff to charter such vessel from a third party and to recharter the vessel to the defendant and obligate itself to pay such third person the charter hire of the vessel; that relying upon the statement and representation so made by the defendant, the plaintiff chartered a vessel from a specified third party for a round trip from the United States to the eastern coast of South America upon certain terms and conditions specified in the charter party, a copy of which is annexed to the complaint; that thereafter, and in reliance upon the statement and representation, the plaintiff entered into

two contracts with the defendant, copies of which are annexed to the complaint; that pursuant to the contracts the vessel was sent to Hampton Roads, Va., and delivered by the owners to the plaintiff on August 30, 1917, and plaintiff thereupon notified the defendant that said vessel was ready to take on the cargo and proceed on the voyage, and the loading of said vessel was completed on August 31, 1917, and was in all respects ready to sail. It is then alleged that the representation that the defendant had procured the export license was known to the defendant to be false; that the representation was made with intent that the plaintiff should rely thereon, and that the plaintiff did in fact rely thereon; that solely by reason of the fact that the statement and representation were false, the vessel could not and did not sail from Hampton Roads, Va., until September 2, 1917, at two o'clock P. M.; that under the terms of the charter party with the third person, the plaintiff was compelled to and did pay to the owners of the vessel $1,877.78 as charter hire for a period equal to the time during which said vessel was so detained; by reason whereof the plaintiff was damaged in said sum, which the defendant has not paid, although payment has been demanded. The second cause of action is for a balance due for freight agreed to be paid by defendant to plaintiff on said voyage of ninety-two dollars and thirty-six cents.

The third cause of action alleges that by the terms of the contract it was provided that if said vessel should be detained longer than required for loading, the defendant should pay demurrage at the rate of $1,250 per day; that the vessel was loaded and ready to sail on August 31, 1917; that she was detained until September 2, 1917, in consequence of the defendant's not having procured the export license; that by reason thereof the defendant is indebted to the plaintiff in the sum of $2,447.90, with interest from September 2, 1917.

The defendant demurred to the complaint upon the ground that causes of action had been improperly united, in that a cause of action for false and fraudulent representations of the defendant, in reliance upon which the plaintiff entered into a contract, is united with an action upon the contract; and that they are inconsistent with each other.

It is well settled that an action for damages for fraud and

deceit, whereby a person was induced to enter into a contract, which is an action in tort, and one upon the contract cannot be united in the same complaint. (*Edison Electric Ill. Co.* v. *Kalbfleisch Co.,* 117 App. Div. 842; *Lord Electric Co.* v. *Barber Asphalt Paving Co.,* 165 id. 399, 403.) The respondent relies upon *Taft* v. *Bronson* (180 App. Div. 154). In that case, however, although the complaint in form stated two causes of action, in fact it stated but one. (*Fileman* v. *Mooney,* 184 App. Div. 535, 536.) As the court said in *Taft* v. *Bronson,* " Evidence of such contract might properly be given in proving the alleged fraud, even if the complaint contained only the cause of action because of such fraud. It was a part of the alleged fraudulent transaction." Some confusion prevails in the opinion from the application of authorities holding that a party may pursue as many remedies as he has, providing they are consistent and concurrent to a provision of the Code providing what causes of action may be united in a single complaint. (Cf. *Bowen* v. *Mandeville,* 95 N. Y. 237, 240; Code Civ. Proc. § 484.)

The first and third causes of action are inconsistent. The proof of one disproves the other. The theory of the first is that, by the fraudulent representation that the defendant had an export license upon which the plaintiff relied, he was induced to enter into a contract in reliance upon such representation, and he suffered damage by a delay occasioned by the fact that at the time no such license had been granted. The theory of the third cause of action is that the possibility of delay was foreseen, and an express agreement made to pay a liquidated sum for such delay. The proof of this provision in the contract would disprove an essential allegation in the first cause of action, that the plaintiff entered into the contract relying on the representation that there would be no delay.

The demurrer should have been sustained. The order will be reversed, with ten dollars costs and disbursements and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

In *Bowen* v. *Mandeville* (95 N. Y. 237) the defendant sold to the plaintiff a bond and mortgage, the payment of which he guaranteed. The mortgagor made default in payment of two installments, and the plaintiff sued him upon his guaranty and recovered judgment upon those two installments. Thereafter the plaintiff commenced an action to recover damages for fraud in the sale of the bond and mortgage, in misrepresenting the value of the property upon which the mortgage was a lien. The trial judge nonsuited the plaintiff upon the ground that the action was barred by the recovery in the suit upon the guaranty. The General Term of the Fourth Department reversed the order and granted a new trial. (29 Hun, 42.) The defendant then appealed to the Court of Appeals, where the order of the General Term was affirmed, the Court of Appeals holding that the two causes of action were not inconsistent. Of course, if they had been, then the plaintiff would have been put to his election and, having brought his suit for two installments upon the guaranty, he would have elected to look to the guaranty rather than to his right to recover damages for fraud. Holding, however, that the remedies were not inconsistent, the Court of Appeals held that he might still recover for the fraud after having recovered from the defendant two installments upon his guaranty.

The prevailing opinion here holds that the causes of action here stated are inconsistent upon the ground that the action for fraud can only be sustained by proof of the plaintiff's reliance upon the representations of the defendant, and that proof of a provision in the contract as alleged, stipulating for certain damages in case of delay, would disprove the allegation in the cause of action for fraud that plaintiff relied upon the defendant's representations.

The case of *Bowen* v. *Mandeville* is, as I read it, a complete answer to this proposition. In that case the assignee exacted the guaranty from the assignor of the bond and mortgage; nevertheless, the Court of Appeals held that the assignee might recover for the fraud of the assignor in making false representations as to the value of the property. If the exaction of the guaranty in the case cited did not disprove the reliance of the assignee upon the false representations of the assignor,

the fact that provision for damages in case of delay was exacted in the contract here sued upon would not disprove the reliance of the plaintiff upon the defendant's false representation in the case at bar. In the case cited, as in the case at bar, the pivotal question is whether the causes of action are inconsistent, and I agree with the opinion of the Third Department in the case of *Taft* v. *Bronson* (180 App. Div. 154), to the effect that a cause of action for fraud not based upon a rescission of the contract is not inconsistent with a cause of action upon the contract itself. I recommend, therefore, an affirmance of the order.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.