FRANCE AND CANADA STEAMSHIP CORPORATION, Appellant, *v.* THE BERWIND-WHITE COAL MINING COMPANY, Respondent.

**Pleading — causes of action which may be united in one complaint — when causes of action for fraud inducing a contract and on the contract may be united — when such causes of action arise out of the same transaction, they are not inconsistent.**

1. The meaning of the word " transaction " used in the Code of Civil Procedure (§ 484, subd. 9), as applied to contracts, is the embryo stage where the inducements to and obligations of all parties, having been fully considered and with all parties together, either in fact or figuratively, a contract is the fruit of the transactions. Bound within the limits of the " transaction " are the inducements upon which the minds met and the contract arising from such meeting of minds.

2. A cause of action for fraud, inducing the making of a contract by false representations, may be united in the same complaint with causes of action for the breach of such contract, where the causes of action arise out of the same transaction, or transactions connected with the same subject of action.

3. Plaintiff's complaint alleges that it entered into a contract to transport coal for defendant, and, relying upon representations of defendant that it had obtained the necessary Federal export license

for the shipment of coal, plaintiff chartered and loaded a vessel which was delayed several days before defendant actually procured the license. Plaintiff, therefore, demands damages for the charter hire of the steamship paid during the period of detention, for the difference between the contract price and the amount paid by defendant, and for demurrage also caused by defendant's delay in procuring the Federal license. *Held,* that such causes of action are not inconsistent because they proceed upon the theory of the affirmance of the contract so that the defrauded party is entitled to both the benefits of the contract and to the damages caused by fraud, and hence a demurrer to the complaint·cannot be sustained.

*France & Canada S. S. Corp.* v. *Berwind-White Coal Mining Co.,* 191 App. Div. 105, reversed.

(Argued April 13, 1920; decided June 1, 1920.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 5, 1920, which reversed an order of Special Term overruling a demurrer to the complaint and sustained said demurrer.

The nature of the action, the facts, so far as as material, and the question certified are stated in the opinion.

*Carroll G. Walter* and *J. Culbert Palmer* for appellant. A cause of action for damages for fraud inducing the making of a contract is consistent with a cause of action for breach of the contract, because both proceed upon the theory of an affirmance of the contract and the defrauded party is entitled both to the benefits of the contract and to the damages caused by the fraud. Hence such causes of action are properly united in one complaint under section 484 of the Code. (*Taft* v. *Bronson,* 180 App. Div. 154; *Realty Transfer Co.* v. *Cohn, B. M. & A. Co.,* 132 App. Div. 286; *Miller* v. *Barber,* 66 N. Y. 558; *Pryor* v. *Foster,* 130 N. Y. 171; *Wilson* v. *New U. S. C. R. Co.,* 73 Fed. Rep. 994; *U. C. Life Ins. Co.* v. *Schidler,* 130 Ind. 214; *Van Vliet Fletcher Auto Co.* v. *Crowell,* 171 Iowa, 64; *Bowen* v. *Mandeville,* 95 N. Y. 237; *Morgan* v. *Skidmore,* 65 Barb. 263; 3 Abb. N. C. 92; *Goldberg* v. *Dougherty,* 7 J. & S. 189; *Wanzer* v. *De Baum,* 1 E. D. Smith, 211.)

*Leo J. Curren* and *Herbert Green* for respondent. The first cause of action, that in fraud, and the third cause of action, that for demurrage under the charter party, have for their object the securing of compensation for identically the same delay. They are inconsistent and cannot be united in the same complaint. (*Edison El. Ill. Co.* v. *Kalbfleisch Co.*, 117 App. Div. 842; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Sweet* v. *Ingerson*, 12 How. Pr. 331; *Raynor* v. *Brennan*, 40 Hun, 60; *Realty Transfer Co.* v. *Cohn, etc., Co.*, 132 App. Div. 286; *Kauffmann* v. *Morris Building Co.*, 126 App. Div. 388; *Kranz* v. *Lewis*, 115 App. Div. 106; *Cobb* v. *Dows*, 9 Barb. 230; *Teall* v. *City of Syracuse*, 32 Hun, 332; *Drexel* v. *Hollander*, 112 App. Div. 25; *Keep* v. *Kaufman*, 56 N. Y. 332; *Weeks* v. *Ketelas*, 13 Daly, 559; *Hoag* v. *L. V. R. R. Co.*, 55 Misc. Rep. 338.)

Elkus, J. The amended complaint contains three causes of action. The claim arises because of the chartering of the steamship *Hermes* by the plaintiff to the defendant.

The first cause of action alleges that the defendant represented that it had secured and had the necessary Federal export license for the shipment of coal from Hampton Roads, Va., to Rio de Janeiro, Brazil, which was false. This representation was made in order to induce the plaintiff to agree to charter the vessel, the *Hermes,* for such purpose. Relying upon this representation, the plaintiff chartered the steamship *Hermes* from its owner and, in further reliance upon the same representation, entered into the charter party in suit. In pursuance of the contract, the *Hermes* was dispatched to Hampton Roads, Va., and the defendant was notified, on August 30th, that the steamship was ready to take on its cargo of coal and the loading was completed on August 31, 1917, when the steamship was ready to sail, but at that time the defendant had not secured the necessary

Federal export license, having failed to comply with certain requirements of the laws relating to the export of cargoes and did not comply with them until September 2d.    By reason of this delay in sailing, the plaintiff paid the owners of the steamship $1,877.78 as charter hire during the period of detention.

The second cause of action is to recover $92.36, the difference between the amount of the alleged contract price, which the defendant agreed to pay the plaintiff, and the amount actually paid.

The third cause of action sets forth the provision of the contract by which the defendant agreed to pay the plaintiff demurrage at the rate of $1,250 per day and that there was a delay for which the plaintiff was entitled to $2,447.90.    This delay was also caused by the absence of the same Federal license.

A demurrer to the complaint was interposed upon the ground that some of these causes of action were inconsistent, viz., that the first was in tort while the others were on contract.

The following question has been certified to this court: Have causes of action been improperly united in the amended complaint herein, by uniting a cause of action for fraud, inducing the making of a contract, with a cause of action for the breach of such contract?

The defendant claims that the first cause of action is for a fraud in inducing the plaintiff to enter into the contract or charter party, the fraud being a representation by the defendant that it had secured the necessary Federal export license to permit the export of coal, which representation was alleged to be false; that the second cause of action is for the breach of the contract in not paying the entire charter hire and the third cause of action is for damages for the breach of the contract in failing to secure the same Federal license; and that these causes cannot be united because one is for damages for a breach of the contract and the other is for damages for a fraud in being induced

to enter into the contract and that such causes of action are inconsistent.

The plaintiff claims that the two causes of action, the first and third, are not inconsistent because both proceed upon the theory of an affirmance of the contract, in fact, that all three do, and the defrauded party is entitled to both the benefits of the contract and to the damages caused by fraud and that these causes of action may be united in one complaint under the provisions of subdivision 9 of section 484 of the Code of Civil Procedure. This subdivision expressly authorizes the uniting of causes of action upon claims arising out of the same transaction or transactions connected with the same subject of action.

The Special Term overruled the demurrer without opinion and the Appellate Division, by a divided court, reversed this decision and sustained the demurrer, with majority and dissenting opinions.

The majority opinion holds that the first cause of action is an action in tort and that this cannot be united with an action upon the contract in the same complaint; that the proof of the first cause of action disproves the proof of the third; that the theory of the first is that by the fraudulent representation the plaintiff was induced to enter into a contract and suffer damage and that the theory of the third cause of action is that the possibility of the delay causing the damage was foreseen and an express agreement was made to pay a liquidated sum for such delay; that the proof of this provision in the contract would disprove an essential allegation in the first cause of action that the plaintiff entered into the contract on the representation that there would be no delay.

The Code section cited (Sec. 484, subd. 9) provides that causes of action may be united even though one be in tort and one on contract, if they arise out of the same transaction. The tort alleged in the first cause of action arose out of the same transaction as did the third cause of action, but it is said that even if this be so they are

inconsistent and, therefore, cannot be pleaded in the same complaint. That is the ground upon which the Appellate Division decided this case.

The allegations set forth in the first cause of action are not in violation of or contrary to the contract of hiring. The plaintiff does not plead these allegations in an attempt to avoid or set aside the contract, but does allege that, in order to induce him to enter into the contract at the price named, the defendant represented that it had the Federal license necessary to permit the sailing of the steamer and, therefore, the plaintiff would not be delayed while the license was being procured. Practically the defendant said to the plaintiff: " We have the license and you may enter into the contract on the assumption that you will be able to sail as soon as the cargo is loaded on the steamer." The defendant did not have the license when the cargo was loaded and it did not arrive until two or three days thereafter.

The plaintiff says in his first cause of action: " You induced me to charter the vessel on the theory that you had the license. I would not have done so had I not believed your statement to be true." This is in affirmance of the contract and it is upon this affirmance of the contract the plaintiff wants to recover an additional sum, not provided in the contract but growing out of the same circumstances and out of the same facts.

Section 484, subdivision 9, of the Code of Civil Procedure is broad in its meaning. Its proper construction requires a clear conception of the meaning of the word " transaction." We need only consider the word as applied to contractual relations. The meaning as applied to contracts is the embryo stage where the inducements to and proposed obligations of all parties, having been fully considered and with all parties together, either in fact or figuratively, a contract is about to be made and is made. In such case the contract is the fruit of the transaction. Bound within the limits of the " transaction " are the

inducements upon which the minds met and the contract arising from such meeting of minds.

It is elemental that damages cannot be recovered in excess of the actual damage sustained. The question of damage is for the jury. The question in this case is whether the damage alleged in the first cause of action, arising out of false representations in the transaction is the same damage for which a demurrage is provided in the contract made in the transaction as alleged in the third cause of action. This is a matter to be determined upon the proof submitted upon a trial. (*Bowen* v. *Mandeville,* 95 N. Y. 237; *Gould* v. *Cayuga National Bank,* 99 N. Y. 333, 339, 340; *Morgan* v. *Skidmore,* 3 Abb. N. C. 92; 20 Cyc. 87; *Vail* v. *Reynolds,* 118 N. Y. 297, 302, 303; *Heckscher* v. *Edenborn,* 203 N. Y. 210; *Pryor* v. *Foster,* 130 N. Y. 171, 176; *Wilson* v. *New U. S. Cattle Ranch Co.,* 73 Fed. Rep. 994, 997; *Union Central Life Ins. Co.* v. *Schidler,* 130 Ind. 214; *Van Vliet Fletcher Auto. Co.* v. *Crowell,* 171 Ia. 64 )

*Bowen* v. *Mandeville* (95 N. Y. 237, 240) was an action where the defendant sold to plaintiff a bond and mortgage, the payment of which he guaranteed. The mortgagor made default in some of the payments. The plaintiff brought suit upon the guaranty and recovered. Thereafter the same party instituted an action for damages for fraudulent representation in the sale of the bond and mortgage upon the ground that the value of the property upon which the mortgage was a lien had been misrepresented. The complaint was dismissed upon the trial upon the ground that the action was barred as being inconsistent with the suit to recover on the installments. This was reversed by the General Term of the Supreme Court. Upon appeal to this court the order of General Term was affirmed and judgment absolute ordered against the defendant. This court held that the two causes of action were not inconsistent. If they had been the plaintiff would have been put to his election and having elected

by bringing his two suits on the guaranty he would have no further right to recover damages for fraud, but this court held that the plaintiff might still recover for the fraud after having recovered two installments upon the guaranty. Judge RUGER said: "The present action is not inconsistent with those heretofore brought by the plaintiff in which judgment was recovered for the amount of accrued interest upon the guaranty executed by the defendant. * * * Although they differ in form, one does not allege what the other denies; but while they are consistent they are not identical, and a recovery in one does not constitute a bar to a recovery in the other. One proceeds upon the theory of a tort, and the other upon contract; and the rule upon which damages are awarded is different in the two cases. In the one it is governed by the amount stipulated in the contract, and in the other by the difference between the value of the property as represented upon the sale and its actual value." This decision seems to be clear authority for the plaintiff's position in the instant case.

The respondent relies principally upon the case of *Edison Electric Illuminating Co. of Brooklyn* v. *Kalbfleisch Co.* (117 App. Div. 842), and there are other cases in support of its contentions, but none of these seems to be in accord with the decisions of this court. *Taft* v. *Bronson* (180 App. Div. 154) is a decision of the Appellate Division, third department, which follows the decisions of this court.

The order of the Appellate Division appealed from should be reversed, with costs, and the question submitted answered in the negative. The order of the Special Term of the Supreme Court should be affirmed, with costs in this court and in the Appellate Division.

CHASE, HOGAN, CARDOZO and CRANE, JJ., concur; HISCOCK, Ch. J., and MCLAUGHLIN, J., dissent.

Order reversed, etc.