CAROLINA SOMMER, Respondent, *v.* JACOB J. F. EHRGOTT, Appellant.

Second Department, November 12, 1920.

Pleadings — action for breach of contract may be joined with action for fraudulently inducing same — no demurrer lies to prayer for relief — complaint stating cause of action for fraudulent inducement of contract to purchase lands — false statement as to expiration of lease — costs.

An action for a breach of a contract to sell real property may be joined with an action for fraudulent representations which induced the plaintiff to make the contract.

A defendant may not demur to the plaintiff's prayer for specific equitable relief especially where there is also a prayer for damages.

A complaint which in substance alleges that the vendor of real property fraudulently induced the vendee to enter into a contract to purchase by falsely stating that an outstanding lease had expired without the lessee availing himself of a renewal clause, states a cause of action for false and fraudulent representations and is not subject to demurrer for insufficiency.

Order overruling a demurrer to a complaint sustained but without costs owing to the fact that the decisions were inharmonious at the time the issues were raised.

APPEAL by the defendant, Jacob J. F. Ehrgott, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 7th day of June, 1920, denying the defendant's motion for judgment on the pleadings, consisting of an amended complaint and demurrer thereto, and overruling his demurrer with leave to answer.

*Richard B. Hand* [*J. Baldwin Hand* with him on the brief], for the appellant.

*Adolph Kreisberg*, for the respondent.

JENKS, P. J.:

The appellant's contention that there is a misjoinder of a cause for breach of contract and a cause for fraudulent inducements to the contract, is put upon the authority of *Edison Electric Illuminating Co.* v. *Kalbfleisch Co.* (117 App. Div. 842) and like cases. It cannot prevail now, in view of *France & C. S. S. Corp.* v. *Berwind-White C. M. Co.* (229 N. Y. 89), which expressly disapproves of the *Edison Case* (*supra*) and like cases, and expressly approves of *Taft* v. *Bronson* (180 App. Div. 154) as in harmony with the decisions of the Court of Appeals. *Taft* v. *Bronson* (*supra*) was cited by the learned Special Term in the case at bar.

A further contention of appellant is, in effect, that the plaintiff cannot have a specific relief prayed for. That may be, but demurrer does lie to the prayer for relief (*Mackey* v. *Auer*, 8 Hun, 180; *Haines* v. *Hollister*, 64 N. Y. 1, 4), and moreover there is also a prayer for damages.

It is contended that the second cause of action does not state sufficient facts. It alleges false and fraudulent repre-

sentations with respect to an outstanding lease to Gottehrer, namely, that the lease expired on April 30, 1920, and that the lessee had failed to avail himself of the renewal clause in the lease, when in fact Gottehrer or his representative contended that the renewal clause had been availed of, and asserted that there would be no vacation of the premises at the expiry of the lease, but retention under the renewal. The argument of the learned and able counsel for the appellant is that this action was begun on April 20, 1920; that the lease did not expire until April 30, 1920; that as, therefore, the plaintiff did not know on April 20, 1920, the premises would be vacated on May 1, 1920, the action was premature; the damages had not accrued. But the closing day was April 1, 1920. It seems to me that there may be a substantial difference between premises subject on April 1, 1920, to a lease that expired on April 30, 1920, without right of renewal, and a lease that expired on that day but as to which the tenant in possession asserted that he had availed himself of a renewal clause and proposed to stand upon it. The renewal clause if ineffective was a nullity, if effective it constituted an undisclosed incumbrance that justified a refusal to take title. (*Fruhauf* v. *Bendheim*, 6 N. Y. Supp. 264; affd., 127 N. Y. 587.) In *Fruhauf's Case* (*supra*) the court say, referring to the renewal clause: " It was a covenant running with the land (*Piggot* v. *Mason*, 1 Paige, 412), and enforceable against the grantee." Here was a permanent incumbrance as opposed to a pecuniary one. (Maupin Real Estate [2d ed.], 314.) The covenant was broken as soon as made. (Id. 289.) The written agreement of sale was " subject to rights of tenants and leases," *without mention of any particular lease*, but the plaintiff is not precluded from oral evidence as to the alleged fraudulent representations. (*Adams* v. *Gillig*, 199 N. Y. 314.) There is an interesting discussion as to damages in *Taft* v. *Bronson* (*supra*), and see, too, Maupin (*supra* [2d ed.], 314 *et seq.*).

The order appealed from was dated June 3, 1920. The appeal was taken on June 7, 1920, and submitted on June 18, 1920. *France & C. S. S. Corp.* v. *Berwind-White C. M. Co.* (*supra*) was decided June 1, 1920, but not reported in the Advance Sheets until July 10, 1920. In view of the inharmonious decisions as to joinder and the difference in the

Appellate Division (see *France & C. S. S. Corp.* v. *Berwind-White C. M. Co., supra,* 191 App. Div. 105), I advise that the order be modified by striking out costs, and as so modified it be affirmed, without costs.

RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order modified by striking out costs, and as so modified affirmed, without costs.