JANE BURR, Plaintiff, *v.* ARTHUR GARFIELD HAYS and Another, Defendants.

City Court of New York, New York County, January 31, 1930.

*Frank, Weil & Strouse,* for the plaintiff.

*Hays, St. John, Abramson & Schulman,* for the defendant.

NOONAN, J. This is a motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the amended complaint on the ground that the several causes of action stated therein do not allege facts sufficient to constitute causes of action, and in the alternative to strike out several causes of action on the ground that they are improperly united in the complaint. Previous to January 28, 1929, the defendants were the owners of a leasehold to premises No. 21 East Ninth street, New York city, and formed a corporation of which they owned all the stock and to which the leasehold was assigned. The corporation, known as Twenty-one East Ninth Street Corporation, commenced the alteration of the building so as to convert it into a dwelling containing twenty apartments, more or less. The defendants, as owners of all of the capital stock of the corporation, were desirous of selling the entire capital stock to tenants of the said apartments upon the co-operative or tenant-owner plan. To further the sale of this stock under the plan proposed the defendants made a written contract with the plaintiff on January 28, 1929, whereby the plaintiff was appointed an agent to sell the stock of the corporation, which stock in specified proportions was allocated to certain apartments in the building, the the purchaser of the stock thereby becoming a tenant-owner.

The contract between the plaintiff and the defendants provided in part that the defendants agreed to procure and deliver a lease to such person to whom the agent sold any allotment of stock and who was acceptable as a tenant to the corporation upon certain terms and conditions. For such services performed by the plaintiff as agent in selling the stock the contract provided the following compensation: "The owners (the defendants) will pay to the agent a commission of seven of one-half per centum ($7\frac{1}{2}$%) of the net price received from the sale of any and all shares of common stock of said corporation sold during the term of this agreement to tenant-owners, if, as and when payment thereof is received by the said owners." The contract further referred to the plaintiff's desire to become one of the owners of an apartment, known as 2-d, and provided that any commissions earned by the plaintiff as agent should be held by the owners until the termination of the contract and applied upon the purchase price of the stock allocated to the apartment, and in the event that the commissions so earned were not sufficient to pay for the purchase of an amount of stock equivalent to the purchase price of an apartment, the agent had the right to elect to have the defendants, as owners of the stock, pay to her the commissions in cash.

The first cause of action sets forth that the contract outlined above was entered into between the plaintiff and defendants on or about December 28, 1928, although the contract itself, which is annexed to the complaint, states that it was made on January 28, 1929. The first cause of action then states that the plaintiff, having entered upon her employment, sold to one Winnifred H. Cooley on or about February 14, 1929, certain stock in the corporation to the amount of $4,840, and in consequence earned as commission the sum of $363, being seven and one-half per cent " of the contract price," no part of which was paid, although duly demanded. This cause of action is attacked, and rightly so, in my opinion, for failure of the plaintiff to plead that she duly performed all the conditions of the contract on her part, or, in the alternative, to plead the facts showing that she had performed the conditions of the contract on her part to be performed. (Rules Civ. Prac. rule 92; *Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328; *Feuerstein* v. *German Union Fire Ins. Co. of Baltimore*, 141 App. Div. 456; *Rosenthal* v. *Rubin*, 148 id. 44; *Ainsworth* v. *Acheson Harden Co.*, 172 id. 723.) The importance of this rule of pleading becomes apparent when it is noted that the agreement between the parties provides for payment of commissions only in the event that payment for the stock is received by the defendants. There is no allegation in the complaint that the defendants received the payment for the stock. If the

pleader intended to bring herself under the provision of the contract by which the commissions earned by her were to be retained by the defendants and applied towards the purchase of the apartment by her there are no allegations showing that she was entitled to such commissions, since the contract provided that she was to receive such commissions at her option upon the termination of the contract, if the commissions earned by her at that time were insufficient to pay for the purchase of an apartment.

In the second cause of action the plaintiff states that in the month of February, 1929, she obtained one Adams as a purchaser of stock in the corporation to the amount of $5,170, but that by reason of the refusal, failure and neglect of the defendants to make the premises comply with the laws, rules and regulations then in effect, and by reason of the fact that the apartment agreed upon by the defendants and Adams in connection with and as part of the said agreement of purchase, could not be used and occupied by him because of the misrepresentations made by the defendants as to the purpose for which the said rooms were legally available, the agreement brought about by the plaintiff as agent was not consummated to the damage of the plaintiff in the sum of $387.75. There is a vital omission from this cause of action because the plaintiff fails to plead that Adams was ready, able and willing to purchase the stock or had agreed to do so. In other words, the plaintiff does not show that she had a valid contract for the purchase of stock and that because of the acts of the defendants she lost the right to recover her commissions. The representations complained of are not stated, and there is nothing to indicate that the purchaser relied upon them.

In the third cause of action the plaintiff alleges that in order to induce the plaintiff to enter into the contract the defendants represented that the premises contained twenty apartments with kitchens or kitchenettes and could be occupied by the tenants as homes with the right of doing cooking therein as allowed by law; that these representations were thereafter repeated after the plaintiff had entered into the contract, and were false, and that thereafter the defendants abandoned their plan of co-operative ownership and instead thereof leased apartments to tenants. It is alleged that by reason of these acts it became impossible for the plaintiff to sell stock and to earn commission and that the plaintiff suffered damages in the sum of $2,725. It is then further alleged that the plaintiff relied upon these false representations to her further damage in the sum of $2,725. It is difficult to ascertain from the allegations of this cause of action whether the plaintiff is seeking damages by reason of fraudulent representations which induced the making

of the contract or whether the false representations are relied upon as causing a breach of the contract subsequent to its making. It would seem as if the plaintiff has alleged both causes of action in the same count, which, if so, would render the pleading defective. It may be that, if properly pleaded, in separate counts, the plaintiff may join in the same complaint a cause of action for fraudulent inducement in the making of the contract with one for a breach of contract. (*Sommer* v. *Ehrgott*, 193 App. Div. 663; *France & Canada S. S. Corp.* v. *Berwind-White Coal Mining Co.*, 229 N. Y. 89.)

The fourth cause of action states that in connection with the contract of agency and in the performance thereof the plaintiff expended for the benefit and account of the defendants the sum of eleven dollars for stamps and telephone calls, no part of which has been paid. The plaintiff does not allege that she demanded payment from the defendants. There are no allegations showing that under the terms of the contract the defendants agreed to pay or repay any expenditures by the plaintiff in the performance of the agreement. An inspection of the contract does not disclose any such liability. Such expenditures, in the absence of any contractual engagement of the defendants to reimburse the plaintiff for them, must be regarded as voluntary contributions by the plaintiff in an effort to sell the stock and thus earn her commissions.

In the fifth and last cause of action the plaintiff seeks damages from the defendant Hays alone. She alleges that this defendant encouraged and permitted the plaintiff to enter into the agreement with full knowledge of the fact that the project on which the plaintiff was engaged was illegal and contrary to law. She also alleges that this defendant Hays was an attorney and counselor at law, and was and had been at the time referred to in the complaint the legal adviser of the plaintiff, and that in violation of his duties to her as such attorney and counselor at law he withheld from her the fact that the said project on which the defendant engaged the plaintiff's services was illegal and contrary to law, all to her damage in the sum of $3,000. Here, again, the plaintiff fails to state whether it was the duty of the defendant Hays under any specific retainer of him by her to impart the information which she alleges was undisclosed. Surely, it cannot be claimed that under the contract of agency the defendant Hays was acting for the plaintiff as well as for himself. The agreement of agency itself is valid on its face, and if there was any possible claim of fraud and resulting damages against the defendant Hays, the plaintiff has failed to allege it with any definiteness.

As all of her causes of action are, in my opinion, badly pleaded, the motion to dismiss the amended complaint is granted, and the

plaintiff is given leave to serve an amended complaint within six days after the service of a copy of the order entered herein, with notice of entry thereof, and on payment of ten dollars costs.   Order signed.