TELE KING CORPORATION, Respondent, *v.* MURRAY J. ABELES, Appellant, et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered March 26, 1953, in New York County, which denied a motion by defendant-appellant for an order dismissing the first five causes of action and for an order requiring plaintiff to serve a further amended complaint separately stating and numbering two alleged causes of action contained in the sixth cause of action.

Order affirmed, with $20 costs and disbursements to respondent.

PECK, P. J. (dissenting in part). The complaint in this case consists of six causes of action, all arising out of the same transaction, a sale by defendant to plaintiff of television cabinets. The causes of action, except the fourth, are bottomed on breach of contract or breach of warranty for nondelivery or late delivery and failure of the cabinets delivered to come up to the specifications of the contract. The damages sought are loss of profits and increased costs to plaintiff because of defendant's defaults.

In the fourth cause of action it is alleged that defendant misrepresented its source of supply and capacity to manufacture the cabinets and that except for

such misrepresentations plaintiff would not have entered into the contract. The same contracts, defaults and damage as are alleged in the contract actions are then alleged as a proximate result of the misrepresentations.

Defendant moved to dismiss each of the causes of action for insufficiency and the motion was denied. I think the motion should have been granted as to the fourth cause of action. The error at Special Term in this respect springs from a mistaken view of the fourth cause of action. Of it, the court said, "The cause sounds in fraud and does not affirm the contract". While sounding in fraud, it rests upon an affirmation of the contract and comes down to nothing more than a breach of contract action in a fraud dress.

My dissent is not based upon any view that a cause of action for fraud may not be joined with a cause of action in contract, but I think that a cause of action in fraud is not stated by pleading a breach of contract and the damages resulting therefrom and tacking on allegations that the contract was procured by fraud. Or to put it another way, a cause of action for breach of contract does not become a fraud cause of action because of some alleged fraud in the inception of the contract. The contract may be attacked for fraud and appropriate relief demanded, but if the plaintiff seeks to enforce the contract according to its terms and to recover damages flowing from the breach of contract, he is suing in contract and any fraud that may underlie the contract has become immaterial or is waived. (See *Bell Audiphone Co.* v. *Scher*, 279 App. Div. 717.)

*France & Canada S.S. Corp.* v. *Berwind-White Coal Mining Co.* (229 N. Y. 89) may be used as an illustration. In that case plaintiff sued for breach of a charter party. It also sued in fraud for misrepresentations made by defendant as to its possession of an export license, resulting in loss to plaintiff by reason of a delay caused by absence of the license. The question before the court was whether the causes of action were properly united. The court held that the two causes of action were properly united, pointing out that while the fraud action was an affirmance of the contract it sought to recover an additional sum not provided in the contract but growing out of the same circumstances and out of the same facts. In answer to the argument of defendant that the damages were the same under both causes of action, the court observed that that was the question in the case and was a matter to be determined upon the proofs submitted at the trial.

As I read the *France* case, therefore, it holds that a claim of fraud in the inception of a contract may be asserted together with a cause of action on the contract if the cause of action in fraud is essentially different from the action on the contract and some different damage is sought. If there is a question about the difference it may await trial.

I do not read the case as holding, however, that a cause of action in fraud may be stated by merely repeating all of the allegations of the contract cause of action and seeking the same damages, adding only a preface that the contract was procured by fraud.

What purpose, other than to prejudice the defendant, can be served by such a pleading? It is a mere surplusage of allegation, adding nothing to the cause of action. If a contract, breach and damage are pleaded, the cause of action is complete, and if proved the recovery follows. An alleged fraud in the inception of the contract, so long as the cause of action is based upon the contract, breach and damages flowing from the breach, is immaterial and adds nothing of legal significance.

The decision on this point may seem to be of small moment, but there is a vice involved which could grow to flagrant proportions. It could easily become a habit, for the purpose of throwing the prejudice of a fraud charge into the scales, to tack on to a breach of contract action a fraud charge. Where the fraud charge has no independence as a cause of action and no separate and different relief is asked, it seems to me unnecessary and unwise to recognize it as a cause of action.

The order should be modified to dismiss the fourth cause of action.

Dore, Breitel and Bergan, JJ., concur in decision; Peck, P.J., dissents in part and votes to modify by dismissing the fourth cause of action, in opinion in which Glennon, J., concurs.

Order affirmed, with $20 costs and disbursements to respondent. No opinion. [See *ante*, p. 679.]

