■ CAMARCO CONTRACTORS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40087.) — *Per Curiam.* The Court of Claims properly found that claimant contractor was entitled to recover the cost of removal of unsuitable materials from the park site but should have deducted from the excavation cost figure of $17,057.64, which included the cost of removal, the amount of $7,822.90 paid to claimant for excavation, so as to reduce the award to $9,234.74 and interest. The award of $7,100.59 for the increased cost of relocating a power line cannot be sustained. It is true that the contract provided that the utility company would stake out the path that the line was to take; but, nevertheless, the poles were located upon the plans, the claimant was not entitled to rely upon the act of the company in staking out a different location and, as is conceded, the path as ultimately staked out by the State for the claimant to follow was the alignment shown on the contract plans. The award of $14,317.30 damages for over-all delay attributable to the State, and found to aggregate two months, is excessive and contrary to the weight of the evidence; and award should be made for delay aggregating but one month at the monthly rate found by the trial court, amounting to $7,158.65 and interest. We approve the remaining awards, including that for interest on the severance judgment. Judgment modified, on the law and the facts, so as to reduce the award to $27,035.17, with appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur; Herlihy, J., dissents in part: I disagree with the majority opinion that alleged delays warrant an award of $7,158.65. As to generalities: The contract between the parties was made on September 20, 1960. The claimant did no work until November 1, 1960 and prior to December 8, 1960 the only work force consisted of a carpenter and one laborer. The job was closed from January 10, 1961 until March 2, 1961 because of the Winter weather conditions. The contract was to be completed by June 1, 1961 but was not finished until November 1, 1961. As to specifics: There seems to be no dispute that there was a delay from May 4, 1961 until June 15, 1961 on the work at comfort station No. 5, which was due to testing procedures, and it is for these 41 days that the court allowed damages. What is overlooked is the fact that there were two other comfort stations and the construction of a road which could have been built during this period. When considering State construction projects, it seems to me that the mere showing of delay as to some facet of the contract should not, ordinarily, be the basis for an award but it must be proven that the over-all completion of the contract was unreasonably delayed by some fault or neglect attributable to the State. This record does not substantiate such a conclusion but to the contrary, justifies a finding that any delay as a result of testing for station

No. 5 did not constitute, under the circumstances, a basis for an award. The court, in its opinion, stated: "However, the Court is satisfied, too, that not all the delay was caused by the State. It was either caused by the elements (admittedly, two months of winter shutdown), or because the claimant chose to wait on some of its work when it could have proceeded on other phases of the contract. It is the obligation of the claimant, also, to lessen the damage as much as possible (*France & C. S. S. Corp.* v. *Berwind-White Coal Mining Co.*, 229 N. Y. 89, 25 *Corpus Juris* Sec. 562). *In the opinion of the Court, however, the interference or caprice of the defendant was the most substantial cause for the delay.*" (Emphasis supplied.) I differ with the court as to this italicized sentence. In my opinion, the record does not justify a finding of "interference or caprice of the defendant [State]" and in any event, such a conclusion is not a predicate for awarding damages. I would, therefore modify the judgment on the law and the facts by reducing the award to $19,822.55, together with appropriate interest, and as so modified, affirm without costs. [40 Misc 2d 486.]